THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellant and Cross-Appellee, v. LESTER ZEISLER, Petitioner-Appellee and Cross-Appellant.

Third District Nos. 3—87—0397, 3—87—0439 cons.

Opinion filed November 13, 1987.

John R. Clerkin, State's Attorney, of Macomb (John X. Breslin and Walter P. Hehner, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Robert Agostinelli and Verlin R. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The petitioner, Lester Zeisler, sought post-conviction relief on two grounds. The trial court granted relief on one of the grounds. The State appealed from the trial court's grant of relief. The petitioner appealed from the court's partial denial. Following consolidation of the two appeals, the petitioner's appeal has been designated a cross-appeal. We affirm.

The petitioner was convicted of aggravated arson. (Ill. Rev. Stat. 1981, ch. 38, par. 20—1.1(a)(1).) Thereafter, the statute under which he had been convicted was declared unconstitutional. (*People v. Johnson* (1986), 114 Ill. 2d 69, 499 N.E.2d 470.) The petitioner filed a post-conviction petition asserting as bases for relief that a witness had recanted her testimony and that he was entitled to a reversal of his conviction based on *Johnson*. The court denied a hearing on the peti-

tioner's claim of recanted testimony, but pursuant to *Johnson* declared the defendant's conviction null and void. Both parties appealed. Given our decision on the State's appeal, we need not consider the petitioner's arguments on cross-appeal.

The State's first argument on appeal is that the court abused its discretion in declaring the petitioner's aggravated arson conviction to be null and void, as a harmless error analysis could have preserved the conviction. To support its argument, the State relies upon *Pope v. Illinois* (1987), 481 U.S. ___, 95 L. Ed. 2d 439, 107 S. Ct. 1918.

In *Pope*, the United States Supreme Court held that the trial court had tendered an unconstitutional jury instruction on the "value" of allegedly obscene materials sold by the petitioner Pope. The *Pope* court went on to hold that retrial was unnecessary if it could be said beyond a reasonable doubt that the jury's verdict was not affected by the unconstitutional instruction.

The State notes that as in *Pope*, here the jury received an unconstitutional instruction. According to the State, under *Pope* the defendant's conviction under the unconstitutional aggravated arson statute should be subjected to a harmless error analysis. The State observes the extensive evidence of wrongful conduct and asserts that it is a distinction without a difference that *Pope* involved an unconstitutional instruction while the instant case involves an unconstitutional statute. The petitioner responds, and we agree, that *Pope* and its examination of a conviction following an unconstitutional jury instruction is not persuasive here, where we consider a conviction under an unconstitutional statute.

■ In Illinois, an unconstitutional statute is void *ab initio*. (*People v. Manuel* (1983), 94 Ill. 2d 242, 446 N.E.2d 240.) That rule is consistent with, although not necessarily derived from, the view presented in a century-old decision of the United States Supreme Court: "An unconstitutional Act is not a law; it confers no rights; it imposes no duties; ***; it is, in legal contemplation, as inoperative as though it had never been passed." (*Norton v. Shelby County* (1886), 118 U.S. 425, 442, 30 L. Ed. 178, 186, 6 S. Ct. 1121, 1125.) Further, contrary to the State's bald assertion otherwise, the rule of voidness *ab initio* has not been overruled by *Pope*. Noting that the statute underlying petitioner Pope's conviction had been repealed, the *Pope* court did not pass on whether the statute should be facially invalidated as unconstitutional. Consequently, *Pope*'s harmless error analysis addressed only an unconstitutional jury instruction and not an unconstitutional law. It does not control the rule of voidness of an unconstitutional law.

■ Holding unconstitutional a law which defines an offense is

quite different from holding unconstitutional some treatment of a defendant. While in the latter case the crime may remain, in the former case there was no crime. (See *People v. Weintraub* (1974), 20 Ill. App. 3d 1090, 313 N.E.2d 606, *aff'd sub nom. People v. Meyerowitz* (1975), 61 Ill. 2d 200, 335 N.E.2d 1.) Given the unconstitutional statute here, there was no crime of aggravated arson. Therefore, a harmless error analysis has no place.

In its alternative argument, the State argues that we should enter a conviction for arson as there was sufficient evidence to allow the jury to find all the elements of arson beyond a reasonable doubt. This argument is without merit.

■ A defendant charged with an offense cannot be convicted of an uncharged offense which is not a lesser included offense of the charged offense. (See *People v. Hobson* (1979), 77 Ill. App. 3d 22, 396 N.E.2d 53.) Here, the defendant was charged with aggravated arson, not with arson. Arson is not a lesser included offense of the charged aggravated arson. (*People v. Wick* (1985), 107 Ill. 2d 62, 481 N.E.2d 676.) We may not enter a conviction for arson.

Even in the face of both extensive evidence and a related legislative statement that certain conduct is wrongful, the criminal justice system cannot operate without both constitutional definitions of offenses and sufficient charges based upon wrongful conduct. The instant case illustrates the potential consequences of a breakdown in the legal machinery.

Based on the foregoing, the judgment of the circuit court of McDonough County is affirmed.

Affirmed.

SCOTT and STOUDER, JJ., concur.