(No. 66301.—)

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. LESTER ZEISLER, Appellee.

*Opinion filed October 20, 1988.*

Neil F. Hartigan, Attorney General, of Springfield, and John R. Clerkin, State's Attorney, of Macomb (Kenneth R. Boyle, John X. Breslin and Walter P. Hehner, of the State's Attorneys Appellate Prosecutor, of Ottawa, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and Verlin R. Meinz, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellee.

JUSTICE CUNNINGHAM delivered the opinion of the court:

Defendant, Lester Zeisler, filed a post-conviction petition on March 23, 1987, alleging that his 1981 conviction for aggravated arson (Ill. Rev. Stat. 1981, ch. 38, par. 20—1.1(a)(1)) should be reversed based on our decision in *People v. Johnson* (1986), 114 Ill. 2d 69, which held section 20—1.1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 20—1.1(a)(1)) unconstitutional. In affirming the circuit court of McDonough County, the appellate court held that defendant could not be convicted under the aggravated arson statute since an unconstitutional statute is void *ab initio*. (162 Ill. App. 3d 578.) We granted the People's petition for leave to appeal pursuant to Supreme Court Rules 315(b) and 612(a) (107 Ill. 2d Rules 315(b), 612(a)). We affirm the appellate court.

The record reveals the following sequence of events. On July 13, 1981, the People filed an information charging defendant with attempted murder and aggravated arson (Ill. Rev. Stat. 1981, ch. 38, pars. 8—4, 9—1, 20—1.1(a)(1)). After a jury trial, defendant was found guilty of aggravated arson, and not guilty of attempted murder. The circuit court subsequently sentenced defendant to a term of 30 years' imprisonment. On appeal, the appellate court affirmed the conviction and the sentence. (112 Ill. App. 3d 788.) We denied defendant's petition for leave to appeal (107 Ill. 2d R. 315). Defendant subsequently filed a petition in the United States Supreme Court. The Supreme Court granted *certiorari*, vacated the judgment, and remanded the cause to the appellate court (*Zeisler v. Illinois* (1984), 465 U.S. 1002, 79 L. Ed. 2d 225, 104 S. Ct. 990) to consider whether the warrantless search of defendant's apartment by a fire inspector violated defendant's fourth and fourteenth amendment rights in light of its decision in *Michigan v. Clifford* (1984), 464 U.S. 287, 78 L. Ed. 2d 477, 104 S. Ct. 641. On remand, the appellate court affirmed the order of the circuit court denying defendant's motion to suppress. *People v. Zeisler* (1984), 125 Ill. App. 3d 558, *cert. denied* (1985), 471 U.S. 1005, 85 L. Ed. 2d 163, 105 S. Ct. 1870.

Defendant then filed two post-conviction petitions pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*). In one petition, he alleged that he was entitled to a reversal of his conviction because a People's witness, the victim, recanted her trial testimony. In the second petition, he alleged that he was entitled to a reversal of his conviction based on *People v. Johnson* (1986), 114 Ill. 2d 69. At the post-conviction hearing, the circuit court declared defendant's conviction of aggravated arson null and void and subject to attack at any time. Although the circuit court found

that the evidence as to defendant's guilt was very strong, it held that defendant could not be convicted under the aggravated arson statute and subsequently vacated the conviction. The circuit court rejected the People's contention that arson was a lesser included offense of aggravated arson.

The People appealed, defendant cross-appealed, and the appellate court consolidated the appeals. The appellate court affirmed the decision of the circuit court without addressing defendant's cross-appeal regarding the recantation of the trial testimony of Betty Zeisler, a People's witness. 162 Ill. App. 3d 578.

The record reveals that when defendant was convicted of aggravated arson in 1981, the provisions of section 20—1.1(a) at that time provided:

> "Aggravated Arson. (a) A person commits aggravated arson when by means of fire or explosive he knowingly damages, partially or totally, any building or structure, including any adjacent building or structure, and (1) he knows or reasonably should know that one or more persons are present therein or (2) any person suffers great bodily harm, or permanent disability or disfigurement as a result of the fire or explosion or (3) a fireman or policeman who is present at the scene acting in the line of duty, is injured as a result of the fire or explosion." Ill. Rev. Stat. 1981, ch. 38, par. 20—1.1(a).

However, in *People v. Wick* (1985), 107 Ill. 2d 62, this court held subsection (3) of section 20—1.1(a) unconstitutional because of the General Assembly's failure to require culpable intent. This court held that since aggravated arson as defined by the statute does not require an unlawful purpose in setting a fire, the statute swept too broadly by punishing innocent as well as culpable conduct. In *People v. Johnson,* we deemed our reasoning in *Wick* controlling and held subsection (1) of section 20—

1.1(a) (Ill. Rev. Stat. 1983, ch. 38, par. 20—1.1(a)(1)) unconstitutional.

No doubt the General Assembly, in enacting section 20—1.1 intended to provide for an aggravated form of arson and intended the factors set out in subsections (1), (2) and (3) to enhance the offense of simple arson, a Class 2 felony, to aggravated arson, a Class X felony. However, in doing so it did not define the underlying offense of arson. After *People v. Johnson,* the General Assembly amended section 20—1.1, effective December 9, 1985. The statute now provides:

> "Aggravated Arson. (a) A person commits aggravated arson when *in the course of committing arson* he knowingly damages, partially or totally, any building or structure, including any adjacent building or structure ***." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 38, par. 20—1.1(a).

Defendant for the first time in a post-conviction petition raises the question of the unconstitutionality of the statute under which he was convicted. Nevertheless, the question of the constitutionality of a statute can be raised at any time. (*People v. Sarelli* (1973), 55 Ill. 2d 169, 170-71.) Generally, where a statute has been declared invalid by the supreme court, it is null and void as of the date of its enactment, and as such, it confers no rights, imposes no duties, and affords no protection. It is, in legal contemplation, as though no such law had ever been passed. It is void *ab initio. Van Driel Drug Store, Inc. v. Mahin* (1970), 47 Ill. 2d 378, 381-82; *Board of Highway Commissioners v. City of Bloomington* (1911), 253 Ill. 164, 176.

Nonetheless, the People argue that the recent case of *Pope v. Illinois* (1987), 481 U.S. 497, 95 L. Ed. 2d 439, 107 S. Ct. 1918, has rendered the doctrine of void *ab initio* ineffective by implication. In *Pope,* the Supreme Court remanded the case for the lower court to deter-

mine whether an unconstitutional jury instruction was harmless error. The People argue that this court should remand this case for the lower court to determine whether the unconstitutional aggravated arson statute under which defendant was convicted constituted harmless error. The People, in addition, argue that the appellate court should have reinstated defendant's conviction and sentence for aggravated arson, especially in light of the overwhelming evidence of defendant's guilt. The sufficiency of the evidence was not raised by defendant on direct appeal. However, this court held in *People v. Hudson* (1971), 50 Ill. 2d 1, that a defendant's conviction will be reversed where the statute is held unconstitutional, citing *People v. McCabe* (1971), 49 Ill. 2d 338. (See also *People v. Sarelli* (1973), 55 Ill. 2d 169.) Although the People's argument is novel, it cannot apply where the statute has been held unconstitutional. Accordingly, we reject the People's reading of *Pope*.

In *Pope*, the Court held that although the jury instruction based on the obscenity statute was unconstitutional, the defendant may be retried if the lower court determines that use of the instruction was harmless error and it would not be repeated at retrial. The Supreme Court noted that the defendant could be retried because of the overwhelming evidence of guilt adduced at trial, and of the notice given by the statute to the defendant that he would be prosecuted for his actions. The Court remanded the cause for further proceedings.

We find that the crux of the People's misinterpretation of *Pope* is in the Court's use of the term "unconstitutional" in reference to a jury instruction. The reviewing courts in Illinois refer to jury instructions under the standards which are found in the doctrines of plain error and harmless error. Illinois reviewing courts refer to statutes as unconstitutional or constitutional.

Under the doctrine of plain error, a reviewing court is permitted to address an issue which has been waived where the evidence is closely balanced or where the error is of such a magnitude that the accused was denied a fair trial and fundamental fairness requires that the jury be properly instructed. (107 Ill. 2d R. 451(c).) The harmless error doctrine is basically the same, but it is applied where the error has been properly preserved. In either case, the reviewing court's decision will not affect the underlying statute on which the jury instruction is based.

On the other hand, the doctrine of void *ab initio* declares a statute unconstitutional, null and void, which results in the court's vacating a conviction based upon such statute. However, if the legislature amends the statute, the court will then determine whether the change in the statute is procedural or substantive. (*Hopt v. Utah* (1884), 110 U.S. 574, 590, 28 L. Ed. 262, 268-69, 4 S. Ct. 202, 210.) Depending upon such determination, the statute may have retroactive effect and a defendant may be prosecuted under the amended statute.

In *Pope*, the Supreme Court did not hold the underlying statute on which the jury instruction was based unconstitutional, and did not remand the cause in order for the lower court to determine whether the application of the statute was harmless error. Therefore, this court finds that *Pope* does not stand as precedent for the abolition of the doctrine of void *ab initio* and no remandment is necessary in this case for the circuit court to determine if the application of the unconstitutional statute was harmless error.

In this case, this court has declared the aggravated arson statute unconstitutional and, as such, the doctrine of void *ab initio* is applicable. This court has further found that the amendment to the statute rectified an important substantive element of aggravated arson because the revision incorporates the underlying offense of ar-

son. Since the revision was a substantive one, this court finds that to look at the amendment as a minor part of the entire statute and to apply a harmless error analysis, as the People argue, is an unreasonable expansion of *Pope*. Thus, this court affirms the decision of the appellate court vacating defendant's conviction.

In light of these findings, this court holds that since at the time of the offense of aggravated arson the statute did not provide for an underlying offense, the People cannot charge defendant with aggravated arson but can proceed with the action for arson pursuant to section 3—5(a) of the Code of Criminal Procedure of 1963, which provides in part that:

> "A prosecution for *** *arson* *** may be commenced at any time." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 38, par. 3—5(a).)

Moreover, since this court in *People v. Johnson* (1986), 114 Ill. 2d 69, held section 20—1.1(a)(1) unconstitutional subsequent to defendant's conviction, the statute is void *ab initio* and as such confers no rights, imposes no duties and affords no protection. It is, in legal contemplation, as though no such law had ever been passed. Accordingly, defendant does not have a claim of double jeopardy because a substantive amendment to an unconstitutional statute cannot have retroactive application and as such did not in legal contemplation exist at the time of the offense. (*People v. Faught* (1934), 359 Ill. 81, 84.) Defendant also does not have an *ex post facto* claim because the amended statute is inapplicable and defendant knew that his conduct was prohibited and that he would be punished for his actions. (See *Harisiades v. Shaughnessy* (1952), 342 U.S. 580, 593-94, 96 L. Ed. 586, 601, 72 S. Ct. 512, 520-21.) Therefore, pursuant to section 3—5(a), the People may commence an action for arson without any possible infringement of defendant's

constitutional rights against double jeopardy and *ex post facto* laws.

We find that the conviction of defendant under section 20—1.1(a)(1) prior to the December 1985 amendment is null and void and accordingly vacate it. Further, this court notes that since the People may charge defendant with the offense of arson, the circuit court must inform defendant that he is eligible for an extended-term sentence in light of the heinous nature of the offense. Ill. Rev. Stat. 1983, ch. 38, pars. 1005—5—3.2(b)(2), 1005—8—2.

We affirm the appellate and circuit courts. Defendant's conviction is vacated, and the cause is remanded to the circuit court of McDonough County.

*Affirmed; cause remanded.*