THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DEEWEY W. FOSTER, Defendant-Appellant.

Second District   No. 2—87—0916

Opinion filed June 15, 1989.—Rehearing denied July 11, 1989.

G. Joseph Weller and Francine Harrison, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

Defendant, Dewey Foster, was charged by information, in the circuit court of Du Page County, with the offense of possession of a stolen or converted vehicle (Ill. Rev. Stat. 1987, ch. 95½, par. 4—103(a)(1)). Following a bench trial, defendant was found guilty and sentenced to 30 days in jail and a four-year term of probation.

On appeal, defendant raises three issues as grounds for reversal: (1) whether the classification of the offense of possession of a stolen or converted vehicle as a Class 2 felony when the more serious offense of theft over $300 is only a Class 3 felony violates the Illinois Constitution's assurances of due process and proportionate penalties; (2) whether classification of defendant's conduct, failure to return a rented vehicle where there was no written rental contract or written demand for return, as a Class 2 felony when similar conduct, failure to return rented property where there is a written rental contract and a written demand for return, is classified only as a Class 4 felony violates the Illinois Constitution's assurance of equal protection; and (3) whether defendant was proved guilty beyond a reasonable doubt where the State failed to establish the vehicle was stolen or converted.

At trial, Ronald Barton, owner of Ugly Duckling Rental Car in Naperville, Illinois, testified that defendant rented a 1979 Thunderbird from the agency on March 25, 1987. Defendant told Barton that he needed the car for three days. Defendant signed a rental agreement. The written agreement did not include a provision setting out the date or place for return of the vehicle. When defendant did not return the vehicle within three days, Barton tried unsuccessfully to contact him by telephone. Approximately one week later, defendant contacted Barton and told him that he still needed the car. He also said that he was waiting for a check to arrive and when it did he could pay for the rental. Barton told defendant to return the car; defendant failed to do so. Over the next two months, Barton made approximately 25 telephone calls to defendant and to members of defendant's family asking that defendant return the car. During this period, defendant telephoned Barton five or six times. Defendant told Barton each time that he would return the car and that he was expecting a check to arrive. He also indicated that he might want to buy

the car from Barton. Defendant never paid any of the rental fee and never returned the vehicle to the rental agency.

On May 27, 1987, Barton contacted the Naperville police department and reported the car stolen. That same day police recovered the vehicle. When Barton viewed the car the next day, he observed that the bumper and the exhaust system were damaged.

Officer Truemper of the Naperville police department was the officer who received Barton's stolen car report on May 27. Later that same day, he observed the car stalled in an intersection in Naperville. Defendant, who had been pushing the car out of the intersection, told the officer that he had rented the car from Ugly Duckling. The officer advised defendant that the car had been reported stolen and placed defendant under arrest. Defendant told the officer that he had not returned the vehicle because he was waiting for a check to arrive by mail.

Defendant testified that when he rented the car from Barton he told him he would need it for three days. He said that he called Barton back a week later and told him that he needed the car awhile longer; Barton agreed. The last time defendant spoke with Barton was three days before the car was reported stolen. At that time, defendant told Barton that he was expecting a check at any time, and he would be in to pay for the vehicle. He also said he wanted to work out a deal to buy the car. Defendant said he never planned to keep the car, he never refused to pay for the car, and Barton never told him to bring the car back until their last conversation approximately three days before defendant was arrested. Defendant stated that when he got the car the bumper was rusted and was hanging down. He further stated that he was on his way to return the car when he was stopped by the police.

Defendant was convicted of possession of a stolen or converted vehicle, and he now appeals that conviction.

Defendant first contends that section 4—103(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 4—103(b)) violates the constitutional assurance of due process because it classifies a first offense for possession of a stolen or converted motor vehicle as a Class 2 felony and as such is not reasonably designed to achieve the intended goal of eliminating organized auto theft and chop shops. Defendant also alleges that the statute violates the constitutional assurance of proportional penalties by punishing the lesser offense of possession more harshly than theft.

■ Initially we note that defendant failed to raise the issue of the constitutionality of section 4—103 at trial. We decline to apply the

waiver rule, however, because defendant has raised a substantial question of constitutionality which, if sustained, would make void the statute under which he was charged and then convicted. (See *People v. Treece* (1987), 159 Ill. App. 3d 397, 415.) A constitutional challenge to a statute can be raised at any time. *People v. Zeisler* (1988), 125 Ill. 2d 42, 46.

■ Defendant was convicted under section 4—103(a)(1). This section states in relevant part:

"(a) It is a violation of this Chapter for:

(1) A person not entitled to the possession of a vehicle or essential part of a vehicle to receive, possess, conceal, sell, dispose, or transfer it, knowing it to have been stolen or converted ***." (Ill. Rev. Stat. 1987, ch. 95½, par. 4—103(a)(1).)

Violation of this section is a Class 2 felony. Ill. Rev. Stat. 1987, ch. 95½, par. 4—103(b).

Recently, in the case of *People v. Bryant* (1989), 128 Ill. 2d 448, our supreme court decided that section 4—103(b) of the Vehicle Code is constitutional. The defendant in that case, like the defendant in the case at hand, had contended that the present classification violates the due process and proportionate penalties clauses of the Illinois Constitution because it makes possession of a stolen motor vehicle a Class 2 felony (Ill. Rev. Stat. 1985, ch. 95½, par. 4—103(b)) punishable by three to seven years' imprisonment, while the greater offense of theft, as defined in section 16—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 16—1), is a Class 3 felony (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(e)(3)), punishable by two to five years' imprisonment.

■ The supreme court pointed out that the legislature's decision to steadily increase the penalty for possession of a stolen motor vehicle was designed to distinguish possession of a stolen motor vehicle and its related activities. The supreme court held that section 4—103(b) of the Vehicle Code is reasonably designed to protect the public from the evils of the offense of possession of a stolen vehicle and its related activities, and as such, it does not violate the Illinois Constitution.

Defendant also contends that he has been denied constitutional assurances of equal protection because he has been punished more harshly than persons who are similarly situated who are convicted of theft by failure to return rented property, a Class 4 felony (Ill. Rev. Stat. 1987, ch. 38, pars. 16—3(b), (c)).

Section 16—3(b) of the Criminal Code of 1961 reads:

"(b) A person commits theft when after renting *** a motor

vehicle, \*\*\* or renting or leasing any other type of personal property exceeding $500 in value, under an agreement in writing which provides for the return of the vehicle or other personal property to a particular place at a particular time, he without good cause willfully fails to return the vehicle or other personal property to that place within the time specified, and is thereafter served or sent a written demand mailed to the last known address, made by certified mail return receipt requested, to return such vehicle or other personal property within 3 days from the mailing of the written demand, and who without good cause willfully fails to return the vehicle or any other personal property \*\*\* within such period." Ill. Rev. Stat. 1987, ch. 38, par. 16—3(b).

Defendant contends that his conduct is similar to that described in section 16—3(b) in that he failed to return a rented vehicle within the time agreed. The only facts that bring defendant outside the scope of section 16—3(b) are the lack of a written contractual provision for the date and place of return of the vehicle and the lack of a written demand for return. Defendant suggests that he is similarly situated to anyone who violates section 16—3(b), a Class 4 felony, yet he was convicted under section 4—103, a Class 2 felony, simply because all of the terms of his contract were not written and there was no written demand for return of the property. As a result, defendant was treated more harshly than others who committed inherently the same offense.

▪ Although a person can be charged under section 16—3(b) if he wilfully fails to return rented property, and his rental contract and the demand for return are written, that same person can be charged under section 4—103 if the property involved is a vehicle and the circumstances surrounding the offense amount to vehicle theft or conversion. There is no reason to believe that when a written contract and demand are involved an accused can only be charged with a Class 4 felony. If a party with a written contract obtains or exerts unauthorized control over a vehicle with the intent permanently to deprive the owner of the vehicle or wrongfully assumes the right to possession or ownership of a vehicle so as to deprive the owner of his ownership rights, that person can be charged under section 4—103. The existence of a written contract does not protect a thief or converter by limiting his penalty. In such a case, the accused could properly be charged under section 4—103.

We might agree with defendant if the facts of his case were somewhat different, that is, if his unauthorized possession of the car was of a short duration. However, the facts surrounding the offense deter-

mine what charge will be made. In this case, defendant kept the vehicle two months when he had agreed to keep it only three days; the owner made repeated demands for the return of the vehicle; and the vehicle was damaged. Defendant's conduct was sufficient to support a charge under section 4—103.

Finally, defendant contends that he was not proved guilty beyond a reasonable doubt because the State failed to prove that the vehicle was stolen or converted. We disagree.

Defendant contends that he remained willing at all times to return the vehicle and, thus, did not possess the intent permanently to deprive the owner of the vehicle; therefore, the vehicle was not stolen. Defendant also denies that the vehicle was converted.

As defendant correctly states, "converted" is not defined in the Vehicle Code. Defendant points out, however, that section 16—3(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 16—3(b)) has elements similar to those of civil conversion and suggests that perhaps the legislature intended to define conversion in the terms used in section 16—3(b). As noted above, section 16—3(b) requires a written rental contract and a written demand for return. Defendant concludes, therefore, that because there was no written demand in this case there was no conversion.

■ Although the word "converted" is not defined in the statutes, the concept of conversion is well known in law. As we stated in *People v. Sergey* (1985), 137 Ill. App. 3d 971, 975, "Illinois case law generally defines civil conversion of a chattel as an unauthorized and wrongful assumption of the right to possession or ownership in the property which deprives the owner of his rights as owner."

■ Defendant has provided no authority or reasoned argument for his suggestion that the legislature intended to define conversion for section 4—103 purposes by use of the elements of section 16—3(b). Section 16—3(b) is a theft statute; it is not a definition of conversion. We see no reason to assume that section 4—103 conversion requires a written demand as does section 16—3(b) theft.

Ronald Barton and defendant testified that defendant agreed to rent the vehicle for three days; defendant kept the vehicle for two months. The vehicle was eventually returned to Barton in a damaged condition and only after the police became involved. Barton testified that he made repeated demands for the return of the vehicle. The trial court found, and we agree, that defendant "knowingly possessed unauthorized control of the car at a point in time when he knew the owner wanted it back and that there was *** assertion of possessory rights contrary to the rights of the owner." These findings of fact

support defendant's conviction of possession of a converted vehicle.

For the foregoing reasons the judgment of the circuit court of Du Page county is affirmed.

Affirmed.

REINHARD and LINDBERG, JJ., concur.