THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH MARCOTTE, Defendant-Appellant.

Fifth District   No. 5—89—0462

Opinion filed August 20, 1991.—Rehearing denied September 26, 1991.

Daniel M. Kirwan and Edwin J. Anderson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Kathryn Dobrinic, State's Attorney, of Hillsboro (Kenneth R. Boyle, Stephen E. Norris, and Kendra S. Mitchell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOWERTON delivered the opinion of the court:

Defendant was convicted of attempting to lure a minor into his car in violation of the child abduction statute. (Ill. Rev. Stat. 1989, ch. 38, par. 10—5(b)(10).) We reverse because the jury instructions created a mandatory rather than a permissive inference, thereby shifting to defendant both the burden of producing evidence and the burden of persuasion.

Defendant approached two girls, a 13-year-old and her little sister, in a store, telling one that she was pretty and asking her if she wanted him to buy her a home permanent. She declined. When the girls left the store, defendant motioned them over to his car and asked one of them if she wanted him to pick her up after school to go get her hair done. She said no. The girls ran home and told their parents. Defendant was arrested and charged with attempted child abduction. Ill. Rev. Stat. 1989, ch. 38, par. 10—5(b)(10).

At trial the following instructions were read to the jury:

People's 12

"The attempted luring of a child under the age of 16 into a

motor vehicle without the consent of the parent or lawful custodian of the child *shall be prima facie evidence of other than a lawful purpose.*" (Emphasis added.) (This is not an Illinois Pattern Jury Instruction.)

People's 18

"*Prima Facie* evidence is evidence sufficient to establish a given fact *if not rebutted or contradicted.*" (Emphasis added.)

People's 12 was patterned after the child abduction statute. According to section 10—5(b)(10) of the Criminal Code of 1961 (Code):

"(b) A person commits child abduction when he or she:

\* \* \*

(10) Intentionally lures or attempts to lure a child under the age of 16 into a motor vehicle, building, housetrailer, or dwelling place without the consent of the parent or lawful custodian of the child for *other than a lawful purpose.*

For the purposes of this subsection (b), paragraph (10), the luring or attempted luring of a child under the age of 16 into a motor vehicle, building, housetrailer, or dwelling place without the consent of the parent or lawful custodian of the child shall be *prima facie evidence of other than a lawful purpose.*" (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 38, par. 10—5(b)(10).)

Section 10—5(c)(4) of the Code provides:

"(c) It shall be an affirmative defense that:

\* \* \*

(4) The person lured or attempted to lure a child under the age of 16 into a motor vehicle, building, housetrailer, or dwelling place for a lawful purpose in prosecutions under subsection (b), paragraph (10)." Ill. Rev. Stat. 1989, ch. 38, par. 10—5(c)(4).

On appeal, defendant argues that the child abduction statute violates due process as guaranteed by the United States and Illinois Constitutions. (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2.) Defendant maintains that the statutory instruction, when combined with the instruction on *prima facie* evidence, creates a mandatory presumption, thereby shifting the burden of proof to defendant to prove an element of the offense, namely "other than a lawful purpose." The State argues that "other than a lawful purpose" is not an element of the offense which the State must prove, but rather is an affirmative defense which defendant must raise, as specifically provided for by the statute. (Ill. Rev. Stat. 1989, ch. 38, par. 10—5(c)(4).) We agree with the State that "lawful purpose" is an affirmative de-

fense, which must be raised by the defendant. However, the jury instructions given in this case created a mandatory presumption as applied to this defendant, and therefore, defendant is entitled to a new trial.

Defense counsel challenged section 10—5(b)(1)'s constitutionality on grounds of vagueness and overbreadth, but did not assert the grounds argued here on appeal. Though failure to object to instructions waives any claimed error (*People v. Pastorino* (1982), 91 Ill. 2d 178, 435 N.E.2d 1144), challenges to a statute's constitutionality may be presented at any time. (*People v. Zeisler* (1988), 125 Ill. 2d 42, 531 N.E.2d 24; *People v. Bryant* (1989), 128 Ill. 2d 448, 539 N.E.2d 1221.) Moreover, this court may examine this matter under the plain error doctrine (134 Ill. 2d R. 615(a)) and does so here.

We interpret section 10—5(b)(10) as requiring the State to prove that defendant: (1) intentionally lured or attempted to lure; (2) a child under the age of 16; (3) into a motor vehicle, building, housetrailer, or dwelling; and (4) without the consent of the parent or lawful custodian of the child. (Ill. Rev. Stat. 1989, ch. 38, par. 10—5(b)(10).) Not making the words "other than a lawful purpose" an element of the offense is consistent with the statute's legislative history; namely, that a child abduction offense is complete when one intentionally attempts to lure a child into a car. 84th Ill. Gen. Assem., House Proceedings, May 23, 1985, at 150.

A primary rule of statutory construction is to give effect to the legislative intent by considering the entire statute, "the evil to be remedied and the object to be attained." (*People v. Ivy* (1985), 133 Ill. App. 3d 647, 653, 479 N.E.2d 399.) The object: protecting the rights of custodial parents and protecting children from intentional removing, detaining, or concealing by those who have no legal right. The evil: luring or attempting to lure a child under the age of 16 without the parent's consent. Section 10—5(b)(10) condemns the intentional luring of children without parental or custodial consent; that act establishes a violation of the statute. Since defendant is in the best position to know the lawfulness of his purpose, the legislature found it proper to place the burden of proving lawful purpose on the defendant.

Section 10—5(b)(10), taken in conjunction with section 10—5(c)(4), specifically provides that a defendant accused of child abduction may raise "lawful purpose" as an affirmative defense. (Ill. Rev. Stat. 1989, ch. 38, par. 10—5(c)(4).) This interpretation of the child abduction statute is analogous to the construction given to the first-degree murder statute, which provides that "[a] person who kills an in-

dividual without lawful justification commits first degree murder." (Ill. Rev. Stat. 1989, ch. 38, par. 9—1(a).) In homicide, the words "without lawful justification" do not constitute an element of the offense of first-degree murder, but provide an affirmative defense (see *People v. Williams* (1980), 80 Ill. App. 3d 963, 969, 400 N.E.2d 532, 536), and this analogy is most persuasive here because the statute expressly makes "lawful purpose" an affirmative defense (Ill. Rev. Stat. 1989, ch. 38, par. 10—5(c)(4)). Therefore, we find that the words "other than a lawful purpose" do not constitute an element of the child abduction offense but provide an affirmative defense in accordance with section 10—5(c)(4).

The State argues that because "other than a lawful purpose" was not an element of the offense itself and because defendant did not raise the affirmative defense, the jury instruction became irrelevant, and rather than causing prejudice to defendant, it actually placed a greater burden on the State than was required. We disagree.

█ Mandatory presumptions in criminal cases are unconstitutional because they relieve the State of its burden of proof beyond a reasonable doubt and violate the due process clause by shifting the burden of persuasion to the criminal defendant. (*Francis v. Franklin* (1985), 471 U.S. 307, 85 L. Ed. 2d 344, 105 S. Ct. 1965.) On the other hand, an entirely permissive inference or presumption, which allows—but does not require—the trier of fact to infer an elemental fact from proof of the basic one, and which places no burden of any kind on the defendant, is clearly permissible. In that situation the basic fact may constitute *prima facie* evidence of the elemental fact. When reviewing this type of evidentiary device, the Supreme Court has required the party challenging it to demonstrate its invalidity as applied to him. *County Court v. Allen* (1979), 442 U.S. 140, 157, 60 L. Ed. 2d 777, 792, 99 S. Ct. 2213, 2224.

█ In this case, instructions 12 and 18 when read together say, "The attempted luring of a child under the age of 16 into a motor vehicle without the consent of the parent or lawful custodian of the child shall be evidence sufficient to establish that the purpose of luring was unlawful unless rebutted or contradicted." This instruction tells the jury that an unlawful purpose is established, unless it is rebutted or contradicted. The jury was not told that it had a choice of applying the presumption or rejecting it, or that it "may infer" that conclusion; it was told, instead, it "shall" be established. The clear implication to a jury, therefore, was that defendant had to present some evidence rebutting or contradicting the State's case, or an unlawful purpose was conclusively established, thereby forcing him to either

present evidence or allow the inference against him to be automatically established.

We believe the jury should have been instructed as in *County Court*. In that case, the jury was explicitly told that the presumption if contradicted disappeared, leaving only an inference, and most significantly, that the presumption need not be challenged by affirmative proof, but that it was free to refuse to draw the inference. See *County Court*, 442 U.S. at 160-62, 60 L. Ed. 2d at 794-95, 99 S. Ct. at 2226-27.

We hold that the jury instructions had the effect of shifting to defendant the burden of producing evidence and the burden of persuasion, thereby violating defendant's due process rights under both the United States and Illinois Constitutions.

We hasten to make clear that on its face, the child abduction statute does not create a mandatory presumption or improperly shift the burden of proof to defendant and therefore is not unconstitutional, *per se*. (See *People v. Garofalo* (1989), 181 Ill. App. 3d 972, 537 N.E.2d 1166 (reckless homicide statute did not create mandatory presumption or impermissibly shift burden of proof to defendant).) As applied to defendant, however, the jury was erroneously instructed that the State had to prove an unlawful purpose, notwithstanding the fact that the defendant presented no affirmative defense; in consequence, the presumption was inadvertently implicated and applied to defendant. The jury was not given any explanatory instructions informing it that it could reject the inference or that defendant need not present affirmative proof in defense. Consequently, we reverse defendant's conviction and remand to the circuit court for a new trial.

Reversed and remanded.

LEWIS and WELCH, JJ., concur.