In the

# United States Court of Appeals
## For the Seventh Circuit

No. 01-3307

JUAN RODRIGUEZ,

*Petitioner-Appellant,*

v.

EUGENE MCADORY,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 C 6743—**John W. Darrah**, *Judge.*

ARGUED OCTOBER 31, 2002—DECIDED FEBRUARY 6, 2003

Before RIPPLE, MANION and EVANS, *Circuit Judges.*

RIPPLE, *Circuit Judge.* After a jury trial in Illinois state court, Juan Rodriguez was convicted of first degree murder and sentenced to eighty years in prison. In this action, brought under 28 U.S.C. § 2254, Mr. Rodriguez appeals the district court's holding that he procedurally defaulted his Sixth Amendment Confrontation Clause claim. For the reasons set forth in the following opinion, we affirm the judgment of the district court.

# I

# BACKGROUND

## A. Factual Background and State Court Proceedings

Mr. Rodriguez was convicted of murdering a three-year-old girl, Marion Knee, the daughter of his girlfriend, Rhonda Knee. In the course of the investigation of the girl's death, the police informed Mr. Rodriguez that Ms. Knee's son, Gregory Knee, age 4, had told the officers that he had seen Mr. Rodriguez beat Marion and bang her head against the floor. Mr. Rodriguez then made statements to the police in which he admitted that he had hit Marion in the stomach twice, after which she collapsed. She subsequently died.[1]

At his state trial for the murder of Marion, one of Mr. Rodriguez's main contentions was that he had confessed merely to exculpate Ms. Knee. It was Ms. Knee, he contended, who actually had delivered the fatal blows. During the course of the trial, the state trial court allowed Detective George Winistorfer to testify that he had informed Mr. Rodriguez that Gregory had told the detective that, on the morning in question, Gregory had seen Mr. Rodriguez hitting the girl and banging her head into the floor.

---

[1] In his written statement, Mr. Rodriguez admitted to hitting Marion twice. In his oral statements, as testified to by the police and the Assistant State's Attorney, Mr. Rodriguez said he struck the child twice and then "she took a small step back and then stood there like she couldn't catch her breath and she made no sounds. And then [a] few seconds later she fell to the floor," R.21, Ex.C at 18, and "after hitting her twice in the stomach with the heel of his palm that she gasped, could not catch her breath, her eyes rolled back in her head and that she then collapsed on the floor," *id.* at 20.

*See* R.21, Ex.A at 4. Gregory did not testify. In arguing for the admission of the Detective's summation of Gregory's account, the State contended that the statement was not hearsay because it was not offered for its truth, but rather to show that Mr. Rodriguez had confessed when confronted with an eyewitness statement. The state trial court did not give the jury a limiting instruction. No other eyewitness accounts appear to have been given in the course of the trial.

Mr. Rodriguez was convicted of first degree murder and sentenced to an eighty-year term in prison. He then appealed the conviction and sentence to the Illinois Appellate Court. Before that court, he conceded that he had "waived appellate review" of both his Sixth Amendment Confrontation Clause and his state law hearsay claims "by failing to include them in a post-trial motion." R.21, Ex.A at 7-8. Mr. Rodriguez argued that, despite this failure to preserve properly these contentions, the state appellate court could review them for plain error.

In its opinion, the state appellate court, reviewing the facts and state hearsay law, concluded that admitting the summary of Gregory Knee's statement through the testimony of the Detective was error because "[t]he substance of that conversation," as opposed to the fact that an incriminating eyewitness statement was made, "was rank hearsay." *Id.* at 9. Because no limiting instruction had been given, "regardless of the purpose for which the State offered it, nothing prevented the jury from using that statement as substantive evidence." *Id.* The state appellate court then determined that, "even assuming that this error in admitting Gregory's hearsay statement were properly preserved, any such error would have been harmless given the overwhelming evidence of the defendant's guilt of first degree murder." *Id.* at 10. The court then reviewed

the confessions made by Mr. Rodriguez and noted that they accurately corroborated the medical evidence. The Illinois court concluded that, when the error is harmless, as it was in this case, plain error cannot be invoked; the issue therefore was waived by Mr. Rodriguez's failure to raise it in a post-trial motion.[2]

## B.  District Court Proceedings

Mr. Rodriguez brought a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. The district court determined that it could not review Mr. Rodriguez's habeas petition because Mr. Rodriguez had defaulted procedurally and, in any event, had failed to present fairly the Sixth Amendment claim to the state trial court. We granted Mr. Rodriguez a certificate of appealability on the issue of whether his Sixth Amendment right to confront witnesses was violated.

---

[2]  The court relied upon *People v. Zeisler*, 531 N.E.2d 24, 27 (Ill. 1988), in which the Supreme Court of Illinois explained:

> Under the doctrine of plain error, a reviewing court is permitted to address an issue which has been waived where the evidence is closely balanced or where the error is of such a magnitude that the accused was denied a fair trial and fundamental fairness requires that the jury be properly instructed. (107 Ill.2d R. 451(c).)

*Id.* As evidenced by its conclusion that any error was harmless, the Illinois Appellate Court did not find the evidence here to be closely balanced or the error to be of such magnitude that Mr. Rodriguez was denied a fair trial. Thus the Illinois Appellate Court held that "since the error . . . was harmless, we must likewise conclude that the plain error doctrine cannot be invoked." R.21, Ex.A at 14.

## II

## DISCUSSION

Generally, a federal court cannot review on petition for writ of habeas corpus a federal claim that was defaulted procedurally in state court. "Under this principle, if a state court did not reach a federal issue because it applied, evenhandedly, a state procedural rule, the matter is closed to the federal habeas court absent a showing of cause and prejudice." *Willis v. Aiken*, 8 F.3d 556, 561 (7th Cir. 1993).

Mr. Rodriguez concedes that he failed to raise his Sixth Amendment or his related hearsay claims in a post-trial motion and that, under Illinois law, he therefore waived these issues. *See* R.21, Ex.A at 7-8. That waiver constitutes a procedural default. Mr. Rodriguez does not argue "cause and prejudice" to excuse that procedural default. *See Willis*, 8 F.3d at 561.

The state court reviewed Mr. Rodriguez's claims for plain error. *See* R.21, Ex.A at 8-14. We previously have stated, however, that a state court's "review for plain error does not cure a procedural default." *Thomas v. Gilmore*, 144 F.3d 513, 518 (7th Cir. 1998); *see Neal v. Gramley*, 99 F.3d 841, 842-44 (7th Cir. 1996); *Willis*, 8 F.3d at 566-67; *Prihoda v. McCaughtry*, 910 F.2d 1379, 1385-86 (7th Cir. 1990); *see also Brooks v. Walls*, 279 F.3d 518, 523 (7th Cir. 2002) (noting that "it is settled (at least in this circuit) that a plain-error exception to a procedural rule does not compromise that rule's quality as an independent ground of decision"); *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001) (stating that "we view a state appellate court's review for plain error as the enforcement of a procedural default").

In a similar vein, the Supreme Court recently has explained that, even if the state court's review in applying

a procedural rule is "entangled" with the merits, that "entanglement" is not sufficient to compromise the procedural default. *Carey v. Saffold*, 122 S. Ct. 2134, 2141 (2002). Rather, the state court's holding must "depend[] on a federal constitutional ruling" in order to open it up for habeas review. *Stewart v. Smith*, 122 S. Ct. 2578, 2581 (2002); *see also Brooks v. Walls*, 301 F.3d 839, 843 (7th Cir. 2002) (hereinafter *Brooks II*) (noting the Supreme Court's dichotomy requiring that to open up the issue for review by the federal habeas court, the state court's review must "be entirely dependent on the merits (as opposed to just 'entangled' with the merits)").

Although a state court's review of whether "an error is 'plain' often entails at least limited review of the merits," *Brooks I*, 279 F.3d at 523, that limited review is at most "entangled" with the merits and certainly not "entirely dependent on the merits," *Brooks II*, 301 F.3d at 843. Thus the state court's plain error review of Mr. Rodriguez's claims did not undo his procedural default.

## Conclusion

Because Mr. Rodriguez procedurally defaulted his claim under Illinois law and has not shown cause and prejudice for that default, federal habeas review is barred. Consequently, we need not and do not address the fair presentment issue. The judgment of the district court must be affirmed.

AFFIRMED

A true Copy:

   Teste:

                                    _____
                                    *Clerk of the United States Court of*
                                    *Appeals for the Seventh Circuit*