This case arises from the termination of the parental rights of respondent Bernice T. to her son, S.F., under section 1(D)(f) of the Illinois Adoption Act (750 ILCS 50/1(D)(f) (West 1998)). On appeal, respondent challenges the constitutionality of section 1(D)(f). During the pendency of her appeal, our supreme court found a different section of the Adoption Act, section 1(D)(q), unconstitutional in In re D.W.,214 Ill. 2d 289, 827 N.E.2d 466 (2005). Because we find that the supreme court's analysis in D.W. of section 1(D)(q) of the Adoption Act (750 ILCS 50/1(D)(q) (West 1998)) also applies to section (1)(D)(f), we reverse the judgment of the circuit court and remand for further proceedings.
Respondent gave birth to S.F. in 1994. In 1996, she gave birth to another son who died soon after he was born when respondent placed him in a garbage container. A few weeks after the baby's death, the State filed a petition for adjudication of wardship and a motion for temporary custody of S.F. The trial court granted the State temporary custody of S.F. and appointed a guardian ad litem.
In 1999, respondent was indicted for the first-degree murder of her newborn son. Respondent pled guilty and was sentenced to 20 years' imprisonment. In 2003, the State filed a petition for the termination of respondent's parental rights. Respondent answered, admitting she had been convicted of first-degree murder under section 9-1(a)(2) of the Criminal Code of 1961 (720 ILCS 5/9-1(a)(2) (West 1998)) and sentenced to 20 years' imprisonment.
The State then filed a motion for summary judgment on the issue of respondent's parental fitness, arguing that no genuine issue of material fact existed as to whether her first-degree murder conviction resulted from the death of a child by physical abuse in violation of section 2-29 of the Juvenile Court Act of 1987 (705 ILCS 405/2-29 (West 1998)) and section 1(D)(f) of the Adoption Act (750 ILCS 50/1(D)(f) (West 1998)). The trial court conducted a fitness hearing. The evidence included a certified statement of respondent's conviction. Respondent was present and represented by counsel but did not testify. The trial court found that placing a newborn in the garbage is a form of child abuse and granted the State's motion for summary judgment, concluding there was no issue of material fact as to whether respondent had been convicted of first-degree murder. The trial court found respondent unfit under section 1(D)(f) of the Adoption Act (750 ILCS 50/1(D)(f) (West 1998)) because of her conviction of the death of a child by physical child abuse.
The trial court then conducted a hearing on the best interests of S.F. as required under the Adoption Act (750 ILCS 50/1 et seq. (West *Page 65 
1998)). Respondent was present but did not testify. The trial court found it to be in the best interests of S.F. for respondent's parental rights to be terminated based on the earlier finding of unfitness under section 1(D)(f) of the Adoption Act (750 ILCS 50/1(D)(f) (West 1998)). In the permanency proceeding that followed, the trial court-entered a goal of adoption. The trial court entered orders terminating respondent's parental rights and appointing a guardian with the right to consent to S.F.'s adoption. Respondent appeals, challenging the constitutionality of section 1(D)(f).
As a threshold matter, the State argues respondent waived consideration of her constitutional claim because it was not raised before the trial court. We disagree. "[T]he question of the constitutionality of a statute can be raised at any time." People v. Zeisler, 125 Ill. 2d 42, 46,531 N.E.2d 24 (1988). We review de novo a challenge to the constitutionality of a statute. People v. Ruiz, 342 Ill. App. 3d 750,763, 795 N.E.2d 912 (2003).
The statutory provisions pertinent to our analysis of section 1(D)(f) of the Adoption Act are sections 1(D)(i) and 1(D)(q), which were examined by the appellate courts in In re D.W., 344 Ill. App. 3d 30,799 N.E.2d 410 (2003), and In re Amanda D. 349 Ill. App. 3d 941,811 N.E.2d 1237 (2004), and by the supreme court in an opinion consolidating those two cases, D.W., 214 Ill. 2d at 291.
The Adoption Act defines an "unfit person" as "any person whom the court shall find to be unfit to have a child." 750 ILCS 5/1(D) (West 1998). The grounds of unfitness may include: (1) a criminal conviction resulting from the death of any child by physical child abuse (subsection (f)); (2) depravity as shown by a conviction for the first- or second-degree murder of a child, which creates a "presumption that a parent is depraved which can be overcome only by clear and convincing evidence" (subsection (i)); and (3) "[t]he parent has been criminally convicted of aggravated battery, heinous battery, or attempted murder of any child" (subsection (q)). 750 ILCS 50/1(D)(f), (D)(i), (D)(q) (West 1998).
Both sides in this case concede that subsections (f) and (q) are analogous to each other in that certain convictions irrefutably render a parent unfit. Subsection (i) differs from subsections (f) and (q) in that it recognizes a rebuttable presumption that a conviction for the murder of a child makes a parent unfit.
Necessary to understanding the issues in this appeal is that the involuntary termination of parental rights is a two-step process. "First, there must be a showing, based on clear and convincing evidence, that the parent is `unfit,' as that term is defined in section 1(D) of the Adoption Act (750 ILCS 50/1(D) (West 1998)). If the court *Page 66 
makes a finding of unfitness, the court then considers whether it is in the best interests of the child that parental rights be terminated." Inre C.W., 199 Ill. 2d 198, 210, 766 N.E.2d 1105 (2002).
In her appellate brief, respondent argues that subsection (f) was "closely analogous" to subsection (q) and, for the reasons stated in the appellate court opinion in Amanda D., 349 Ill. App. 3d at 947-48, subsection (f) was unconstitutional in that it mandated a finding of unfitness based solely on the fact of a conviction of the aggravated battery of a child. There, the appellate court found:
 "[A] conviction of aggravated battery to a child is not an adequate proxy for unfitness. It fails to take into account several things relevant to the ultimate fitness determination. For example, it makes no room for the consideration of things such as the passage of time without a similar incident, the circumstances of the crime, or the parent's rehabilitative efforts." Amanda D., 349 Ill. App. 3d at 947.
The supreme court affirmed this position in D.W., finding section 1(D)(q) unconstitutional on equal protection grounds:
 "As this court has observed, statutory classifications that affect a fundamental right violate the equal protection clause unless they are narrowly tailored to serve a compelling state interest. [Citations.] The constitutional guarantee of equal protection requires that the government treat similarly situated individuals in a similar manner. [Citations.] * * *
 * * *
 * * * [A] respondent * * * who is the subject of a petition alleging unfitness under section 1(D)(q) is denied the procedural right of rebuttal that is afforded to a person convicted of the same offense, but alleged to be unfit under section 1(D)(i). The offense is the same. The potential consequences are the same. The procedural safeguards provided by the statutes are different, for no apparent reason. To deny this safeguard to [certain persons] while providing it to others similarly situated is to deny them equal protection of the law.
 * * *
 * * * [N]otwithstanding any previous statements to the contrary, we believe * * * there is little force left in the argument that a respondent who has been deprived of the opportunity to present evidence of parental fitness at a hearing purporting to address that very issue is no worse off for having to present such evidence at the best-interests hearing, after
having been found unfit.
 * * * Clearly, a parent found unfit at the first phase of termination proceedings enters the second phase at a disadvantage from a procedural and evidentiary standpoint. [Citations.] *Page 67 
 * * *
 In short, there is no rational basis for treating persons subject to fitness proceedings under section 1(D) (q) differently from those facing the same proceedings under section 1(D)(i), much less a justification that would survive strict scrutiny. We need not speculate as to how section 1(D)(q) could be more narrowly tailored; the legislature has provided us the model in section 1(D)(i)." (Emphasis in original.) D.W., 214 Ill. 2d at 313-17.
We conclude that subsection (f), like subsection (q), improperly denies the right of rebuttal to parents like respondent who, if found unfit under subsection 1(D)(i)(2), would have the right of rebuttal: "(i) Depravity. Conviction of any one of the following crimes shall create a presumption that a parent is depraved which can be overcome only by clear and convincing evidence: * * * (2) first degree murder or second degree murder of any child * * *." (Emphasis added.) 750 ILCS 50/1(D)(i)(2) (West 1998). Subsection (f) suffers from the same constitutional infirmities as subsection (q) and warrants the same remedy, a "full and fair hearing" with "the benefit of timely and meaningful rebuttal," at the fitness phase of the termination proceedings. D.W., 214 Ill. 2d at 317. We reverse and remand for further proceedings.
Reversed and remanded.
GORDON and McBRIDE, JJ., concur.