STEWART, DIRECTOR, ARIZONA DEPARTMENT OF
CORRECTIONS *v.* SMITH

No. 01–339.   Decided June 28, 2002

PER CURIAM.

At issue in this case is whether, when an Arizona Superior Court denied respondent's successive petition for state post-conviction relief because respondent had failed to comply with Arizona Rule of Criminal Procedure 32.2(a)(3) (West 2000), the state court's ruling was independent of federal law. The Court of Appeals for the Ninth Circuit thought not. We granted certiorari and certified to the Arizona Supreme Court a question concerning the proper interpretation of Rule 32.2(a)(3). We have received a response and now reverse the Ninth Circuit's decision.

I

Respondent, Robert Douglas Smith, was convicted in Arizona in 1982 of first-degree murder, kidnaping, and sexual assault. He was sentenced to death on the murder count and to consecutive 21-year prison terms on the other counts. After a series of unsuccessful petitions for state postconviction relief, respondent filed a federal petition for a writ of habeas corpus under 28 U. S. C. §§ 2241 and 2254 in the United States District Court for the District of Arizona. The petition alleged, among other things, that respondent's Sixth Amendment right to counsel had been violated because his trial counsel had provided ineffective assistance during the sentencing phase of his trial.

Respondent had previously brought this ineffective-assistance claim in a 1995 petition for state postconviction relief pursuant to Ariz. Rule Crim. Proc. 32. The Pima County Superior Court denied the claim, finding it waived under Rule 32.2(a)(3) because respondent had failed to raise it in two previous Rule 32 petitions. The state court rejected respondent's contention that his procedural default was excused because his appellate and Rule 32 attorneys suffered from a conflict of interest between their responsibility

toward respondent and their allegiance to the Public Defender's office, of which respondent's trial counsel was also a member.

The District Court relied on the Pima County Superior Court's procedural ruling on respondent's ineffective-assistance-of-trial-counsel claim to bar federal habeas relief. Like the state court, the District Court rejected respondent's argument that his appellate and Rule 32 counsel suffered from a conflict of interest which excused his procedural default. The Court of Appeals for the Ninth Circuit reversed, finding that although the state court's procedural default ruling was regularly followed and therefore adequate, see 241 F. 3d 1191, 1195, n. 2 (2001) (citing *Johnson* v. *Mississippi*, 486 U. S. 578, 587 (1988)), the ruling required consideration of the merits of respondent's claim and was therefore not independent of federal law, see 241 F. 3d, at 1196–1197. Rule 32.2(a)(3) applies different standards for waiver depending on whether the claim asserted in a Rule 32 petition is of "sufficient constitutional magnitude." If it is, the rule requires that the waiver be "knowin[g], voluntar[y] and intelligen[t]," not merely omitted from previous petitions. Ariz. Rule Crim. Proc. 32.2(a)(3), comment (West 2000). The Ninth Circuit opined that, at the time the state court ruled on respondent's ineffective-assistance claim, the determination of whether a claim is of sufficient magnitude required consideration of the merits of the claim. See 241 F. 3d, at 1197 (citing *State* v. *French*, 198 Ariz. 119, 121, 7 P. 3d 128, 130 (App. 2000); *State* v. *Curtis*, 185 Ariz. 112, 115, 912 P. 2d 1341, 1344 (App. 1995)). The Ninth Circuit concluded that, under *Ake* v. *Oklahoma*, 470 U. S. 68, 75 (1985), the state court's ruling did not bar federal review of the merits of respondent's claim. See 241 F. 3d, at 1196–1197. We granted certiorari to review the Ninth Circuit's decision. 534 U. S. 157 (2001) *(per curiam)*.

## II

Because we were uncertain about the proper interpretation of Rule 32.2(a)(3), we certified the following question to the Arizona Supreme Court:

> "At the time of respondent's third Rule 32 petition in 1995, did the question whether an asserted claim was of 'sufficient constitutional magnitude' to require a knowing, voluntary, and intelligent waiver for purposes of Rule 32.2(a)(3), see Ariz. Rule Crim. Proc. 32.2(a)(3), comment (West 2000), depend upon the merits of the particular claim, see *State* v. *French*, 198 Ariz. 119, 121–122, 7 P. 3d 128, 130–131 (App. 2000); *State* v. *Curtis*, 185 Ariz. App. 112, 115, 912 P. 2d 1341, 1344 (1995), or merely upon the particular right alleged to have been violated, see *State* v. *Espinosa*, 200 Ariz. 503, 505, 29 P. 3d 278, 280 (App. 2001)?" 534 U. S., at 159.

We received the following reply:

> "We hold that at the time of respondent's third Rule 32 petition in 1995, the question whether an asserted claim was of 'sufficient constitutional magnitude' to require a knowing, voluntary and intelligent waiver for purposes of Rule 32.2(a)(3), see Comment to 32.2(a)(3), depended not upon the merits of the particular claim, but rather merely upon the particular right alleged to have been violated." *Stewart* v. *Smith*, 202 Ariz. 446, 447, 46 P. 3d 1067, 1068 (2002) (en banc).

The Arizona Supreme Court's reply makes clear that Rule 32.2(a)(3) does not require courts to evaluate the merits of a particular claim, but only to categorize the claim. According to the Arizona Supreme Court, courts must evaluate whether "at its core, [a] claim implicates a significant right that requires a knowing, voluntary, and intelligent waiver." *Id.*, at 450, 46 P. 3d, at 1071. Courts need not decide the

merits of the claim, *i. e.*, whether the right was actually violated. They need only identify what type of claim it is, and there is no indication that this identification is based on an interpretation of what federal law requires. See *Delaware v. Prouse*, 440 U. S. 648, 652–653 (1979).

Our cases make clear that "when resolution of [a] state procedural law question depends on a federal constitutional ruling, the state-law prong of the court's holding is not independent of federal law, and our [direct review] jurisdiction is not precluded." *Ake, supra*, at 75. Even assuming that the same standard governs the scope of a district court's power to grant federal habeas relief as governs this Court's jurisdiction to review a state-court judgment on direct review, see *Coleman v. Thompson*, 501 U. S. 722, 729–732, 741 (1991), Rule 32.2(a)(3) determinations are independent of federal law because they do not depend upon a federal constitutional ruling on the merits. The District Court properly refused to review respondent's ineffective-assistance-of-trial-counsel claim. The Ninth Circuit erred in holding otherwise.

Even though Rule 32.2(a)(3) does not require a federal constitutional ruling on the merits, if the state court's decision rested primarily on a ruling on the merits nevertheless, its decision would not be independent of federal law. The Ninth Circuit interpreted the state court's order rejecting respondent's ineffective-assistance-of-trial-counsel claim as possibly resting on a ruling on the merits of the claim. The record, however, reveals no such ruling.

The state court did not even reach the merits of respondent's ineffective-assistance-of-trial-counsel claim, finding it waived because respondent had failed to raise it in prior petitions for postconviction relief. As an excuse, respondent asserted that his prior appellate and Rule 32 counsel, who were members of the Arizona Public Defender's office, had refused to file the claim because his trial counsel was also a member of the Public Defender's office. The state court did not find this excuse sufficient to overcome respondent's procedural

default. See App. H to Pet. for Cert. The state court explained that, because deputies in the Public Defender's office represent their clients and not their office, respondent's appellate lawyers would never have allowed "a colorable claim for ineffective assistance of counsel" to go unstated. *Id.*, at 2. The Ninth Circuit read the reference to a "colorable claim" as a conclusion that respondent's claim that his trial counsel had rendered ineffective assistance lacked merit, that is, as a comment on the merits of respondent's underlying claim. 241 F. 3d, at 1197. In context, however, it is clear that the reference to "colorable claim" was used only as a rhetorical device for emphasizing the lack of any conflict of interest that might excuse respondent's waiver.

Because the state court's determination that respondent waived his ineffective-assistance-of-counsel claim under Ariz. Rule Crim. Proc. 32.2(a)(3) did not require an examination of the merits of that claim, it was independent of federal law. We voice no opinion on whether respondent has provided valid cause to overcome his procedural default in state court. The Ninth Circuit's judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*