**Rick Martin HEIDELBACH, Petitioner—Appellant,**

v.

**Terry L. STEWART, Respondent— Appellee.**

**No. 01–16750.**

**D.C. No. CV–00–01170–MHM.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 15, 2002.

Before SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM **

Rick Martin Heidelbach appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition challenging his Arizona conviction and sentence for aggravated assault. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's dismissal of a habeas corpus petition on procedural grounds, *see La Crosse v. Kernan,* 244 F.3d 702, 704 (9th Cir.2001), and we affirm.

This court granted a certificate of appealability ("COA") on the sole issue of whether certain of Heidelbach's claims which were never presented to the Arizona state court are procedurally defaulted.[1] Heidelbach fails to demonstrate cause for his default and actual prejudice, or that failure to consider the claims will result in a fundamental miscarriage of justice. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Although Heidelbach also claims to be actually innocent of a felony, his petition does not meet the requirements of *Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

Accordingly, we conclude that the district court properly ruled that Heidelbach's claims are procedurally defaulted. *Id.* We decline to consider other issues raised by Heidelbach that are outside the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We note that *Smith v. Stewart,* 241 F.3d 1191 (9th Cir.2001), the opinion specifically mentioned in the COA, was vacated by *Stewart v. Smith,* —— U.S. ——, 122 S.Ct. 2578, 153 L.Ed.2d 762 (2002), and the Supreme Court opinion makes clear that *Smith* is distinguishable from this case.

scope of the COA. *See Hiivala v. Wood,* 195 F.3d 1098, 1103 (9th Cir.1999).

**AFFIRMED.**