# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 01-3914

JAMES A. FARMER,

*Petitioner-Appellant,*

*v.*

JON E. LITSCHER, SECRETARY,
WISCONSIN DEPARTMENT OF CORRECTIONS,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 99-C-1119—**Aaron E. Goodstein**, *Magistrate Judge.*

No. 01-4036

EMMETT WHITE,

*Petitioner-Appellant,*

*v.*

PHILLIP KINGSTON, WARDEN,
COLUMBIA CORRECTIONAL INSTITUTION,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 98-C-901—**Aaron E. Goodstein**, *Magistrate Judge.*

SUBMITTED JUNE 3, 2002—DECIDED SEPTEMBER 18, 2002

Before BAUER, EVANS, and WILLIAMS, *Circuit Judges*.

BAUER, *Circuit Judge*. The appellants are state prisoners who petitioned the district court pro se for writs of habeas corpus under 28 U.S.C. § 2254. By consent of the parties, *see* 28 U.S.C. § 636(c), the district court referred both cases for all proceedings to Magistrate Judge Goodstein, who denied the petitions and refused to issue certificates of appealability. 28 U.S.C. § 2253(c)(1). The appellants now seek certificates from us. We consolidated the cases and directed counsel to brief the following question: does a magistrate judge acting with the parties' consent have the authority under § 636(c) to issue a final judgment in a § 2254 proceeding?[1]

I.

Answering this question requires us to consider whether Congress intended to vest magistrate judges with the questioned authority and, if so, whether that delegation of authority runs afoul of Article III of the United States Constitution. We must tackle the statutory question first. *See ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001) ("[F]ederal courts are supposed to do what they can to avoid making constitutional decisions, and strive doubly to avoid making unnecessary constitutional decisions.").

Section 636 of the Federal Magistrate Act governs the jurisdiction and powers of magistrate judges and provides in relevant part:

---

[1] We appointed Howard B. Eisenberg for the limited purpose of briefing this question on behalf of the appellants. We are indebted to Mr. Eisenberg, who passed away shortly after filing the appellants' brief, for his assistance in elucidating the issue before us.

> Upon the consent of the parties, a full-time United States magistrate or a part-time United States magistrate who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves . . . .

28 U.S.C. § 636(c)(1).

Because the parties consented and the district court referred the cases to Magistrate Judge Goodstein, the only relevant question is whether a habeas corpus proceeding is a "civil matter" under § 636(c). A number of our sister circuits have answered in the affirmative, *see United States v. Johnston*, 258 F.3d 361, 366 (5th Cir. 2001) (28 U.S.C. § 2255); *Norris v. Schotten*, 146 F.3d 314, 324 (6th Cir. 1998) (§ 2254); *Orsini v. Wallace*, 913 F.2d 474, 476 (8th Cir. 1990) (§ 2254), and we agree. The appellants rightly observe that § 2254 petitions differ from other civil actions because they arise from criminal cases. *See Harris v. Nelson*, 394 U.S. 286, 294 (1969) ("Essentially, the [habeas corpus] proceeding is unique."); *Walker v. O'Brien*, 216 F.3d 626, 636 (7th Cir. 2000) ("[H]abeas corpus petitions are a group unto themselves."). Nevertheless, a § 2254 petition *is* a "civil matter" in the larger sense—in the sense that it is not a criminal matter. *See Walker*, 216 F.3d at 636. Habeas corpus cases had been characterized as civil actions since long before Congress passed the Federal Magistrate Act. *See, e.g.*, *Fisher v. Baker,* 203 U.S. 174, 181 (1906). We must presume that Congress knew when it passed the Federal Magistrate Act that habeas corpus cases are commonly understood to be civil actions, and that Congress therefore would have drafted § 636(c) to exclude habeas corpus proceedings expressly if that were the intention. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 792 (1998) (Congress is presumed to be aware of relevant legal precedents when it legislates).

But what of the language in § 636(b)(1)(B)? That section provides that a district judge may "designate a magistrate to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, . . . of applications for posttrial relief made by individuals convicted of criminal offenses," *see* 28 U.S.C. § 636(b)(1)(B)—in other words, habeas corpus petitions. *See Porter v. Nussle*, 122 S. Ct. 983, 989 (2002). Section 636(c) does not include such language; it says nothing about applications for postconviction relief. The appellants argue that if Congress had intended to include § 2254 petitions in § 636(c) it would have parroted the "posttrial relief" language in § 636(b). Therefore, the appellants argue, § 2254 petitions cannot be "civil matters" under § 636(c). We disagree. Section 636(b)(1)(B) does not limit § 636(c); instead they are independent provisions that address different circumstances. Section 636(b) defines a magistrate judge's authority when a district judge refers a matter to the magistrate judge without the parties' consent. Section 636(c), on the other hand, defines the magistrate judge's authority when both designation and consent are present. *See Members v. Paige*, 140 F.3d 699, 701 (7th Cir. 1998); *Alpern v. Lieb*, 38 F.3d 933, 935 (7th Cir. 1994). Thus, with consent, a magistrate judge can enter a final judgment in a habeas corpus proceeding under § 636(c); without it, a magistrate judge's authority is limited to making a recommendation to the district judge under § 636(b). *See Orsini*, 913 F.2d at 476 ("[T]he plain language of section 636(c)—even in light of the specific inclusion of habeas petitions in section 636(b)(1)(B)—indicates that magistrates . . . have jurisdiction to order entry of judgment in a habeas case.").

Moreover, the appellants' construction ignores that § 636(b)(1)(B) also expressly includes "prisoner petitions challenging conditions of confinement." Like applications for postconviction relief, § 636(c) says nothing about chal-

lenges to conditions of confinement. Following the appellants' logic, then, Congress did not intend to include actions challenging conditions of confinement under 42 U.S.C. § 1983 as "civil matters" under § 636(c). But that interpretation cannot be right. Section 1983 cases are indisputably civil matters. And we note that magistrate judges have entered final judgments in § 1983 cases in a number of circuits without raising any jurisdictional eyebrows. *See Hains v. Washington*, 131 F.3d 1248 (7th Cir. 1997); *Brown v. Harris*, 240 F.3d 383 (4th Cir. 2001); *Berry v. Brady*, 192 F.3d 504 (5th Cir. 1999); *Lake v. Arnold*, 112 F.3d 682 (3d Cir. 1997); *Porter v. Fox*, 99 F.3d 271 (8th Cir. 1999). We see no reason to treat habeas corpus petitions differently. Accordingly, we join the other courts of appeals that have considered the question in concluding that, based on the parties' consent, § 636(c) confers on magistrate judges the authority to enter final judgments in § 2254 proceedings.

## II.

We turn then to the question whether application of § 636(c) to § 2254 cases is an unconstitutional delegation of the judicial power in violation of Article III. Preliminarily, we reject the State's contention that the appellants waived any constitutional challenge to Magistrate Judge Goodstein's authority because they consented to it. When the question is whether Congress has legitimately transferred jurisdiction to non-Article III tribunals "the parties cannot by consent cure the constitutional difficulty for the same reason that the parties by consent cannot confer on federal courts subject-matter jurisdiction beyond the limitations imposed by Article III." *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 850-51 (1986).

As to the merits, although the Supreme Court has yet to weigh in, we and the other circuits have concluded

uniformly that § 636(c) does not run afoul of Article III. *See Geras v. Lafayette Display Fixtures, Inc.*, 742 F.2d 1037 (7th Cir. 1984); *Johnston*, 258 F.3d at 367-68 (collecting authorities). But the appellants maintain that we should carve out an exception—that § 2254 proceedings are not like other civil matters because (1) Article III "judicial power" includes the power to issue writs of habeas corpus so that delegating the adjudication of § 2254 petitions to magistrate judges constitutes an impermissible suspension of the writ under Article I, Section 9, Clause 2, (2) allowing a magistrate judge to review the decisions of state courts creates comity concerns, and (3) § 2254 petitions raise constitutional questions that are too significant for review by a magistrate judge. We are unpersuaded.

As to the Suspension Clause, we have held that "the writ that may not be suspended is the pretrial writ to test the Executive's power to hold a suspect without trial. No prisoner has a constitutional entitlement to further review of the final judgment in a criminal case." *Freeman v. Page*, 208 F.3d 572, 576 (7th Cir. 2000). Regardless, we note that § 2254 petitioners do not lose their right to § 2254 relief simply by consenting to a magistrate judge. The only right any person relinquishes in consenting to a magistrate judge is the right to have the case heard by an Article III judge—a waiver that is perfectly permissible under the Constitution. *See Peretz v. United States*, 501 U.S. 923, 936 (1991) ("[L]itigants may waive their personal right to have an Article III judge preside over a civil trial."); *Geras*, 742 F.2d at 1041 (same).

As to the appellants' comity argument, it does not present an Article III delegation question. The comity concerns underlying habeas corpus involve relationships between sovereigns, that is, state and federal governments. *See Kurzawa v. Jordan*, 146 F.3d 435, 441 (7th Cir. 1998). The Article III delegation question, on the other hand, is wheth-

er allowing magistrate judges to adjudicate § 2254 petitions impermissibly alters the constitutionally mandated balance of power between the co-equal branches of the federal government. *See Schor*, 478 U.S. at 848; *see also City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) (treating Article III questions as separate and distinct from questions of comity and federalism); *Johnston*, 258 F.3d at 368-69 (same). That said, we perceive no infringement on the province of state courts arising from a magistrate judge's adjudication of § 2254 petitions. To the contrary, the federal government has a paramount interest in the interpretation and enforcement of the Constitution. It is precisely because state courts must not be permitted to have the "last say" on federal constitutional questions that the Supreme Court has held that state prisoners must be allowed to raise such questions in federal habeas corpus proceedings even though they already have been litigated at the state level. *See Kaufman v. United States*, 394 U.S. 217, 225 (1969), *overruled on other grounds by Stone v. Powell*, 428 U.S. 465 (1976). And § 2254 directs deference to state courts where necessary to prevent potential conflict. For example, petitioners must first exhaust their state-court remedies so that the state has the first opportunity to correct constitutional defects. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). Additionally, state-court factual determinations are presumed correct, and state-court legal determinations on federal constitutional questions generally must stand unless they constitute an unreasonable application of federal law, even if incorrect. 28 U.S.C. § 2254(d), (e); *Boss v. Pierce*, 263 F.3d 734, 739 (7th Cir. 2001), *cert. denied*, 122 S. Ct. 1961 (2002). Magistrate judges are no less bound by these deferential standards than Article III judges.

Neither do we think that Article III precludes magistrate judges from adjudicating habeas corpus proceedings because the constitutional issues implicated are sometimes

weighty. The appellants maintain that it is incongruous to allow magistrate judges to review state felony proceedings by way of § 2254 when they are not permitted to adjudicate federal felony charges. But this comparison is unhelpful because the constitutional interests of a § 2254 petitioner differ markedly from those of an accused facing felony charges. A § 2254 petitioner stands convicted beyond a reasonable doubt and has either exhausted the full panoply of state appeals or foregone them. Thus, a presumption of constitutional regularity attaches to the conviction, and the § 2254 petitioner bears the burden of overcoming this presumption. *See Parke v. Raley*, 506 U.S. 20, 29-30 (1992). Not so in a felony criminal trial where the accused is presumed innocent and has not yet been afforded all the process he is due. As a result, in a § 2254 case the weight of constitutional interests shifts, and greater weight is properly accorded to the underlying policy of the Federal Magistrate Act to "assist federal judges in handling an ever-increasing caseload." *McCarthy v. Bronson*, 500 U.S. 136, 143 (1991) (quoting S. Rep. No. 94-625 at p.2).

Finally, the appellants also assert a number of arguments about why they believe Article III should preclude a magistrate judge from adjudicating petitions under 28 U.S.C. § 2241 and motions under § 2255. We leave these arguments for another day. Section 2241 petitions and § 2255 motions differ in significant respects from § 2254 petitions. *See Jacobs v. McCaughtry*, 251 F.3d 596, 597 (7th Cir. 2001) (contrasting § 2254 and § 2241 petitions); *compare Johnston*, 258 F.3d 361 (contrasting § 2254 petitions with § 2255 motions and holding that delegating authority to magistrate judges to adjudicate § 2255 motions violates Article III), *with United States v. Bryson*, 981 F.2d 720 (4th Cir. 1992) (magistrate judge who accepted guilty plea in felony case could enter final judgment on § 2255 motion with defendant's consent). We

therefore decline to extend our analysis further than the narrow question before us.

For the reasons we have stated, we conclude that Article III does not prohibit magistrate judges from entering final judgments in § 2254 proceedings.

### III.

We now turn to the appellants' respective requests for a certificate of appelability. As to appellant Farmer, on March 24, 1997, he was convicted in Wisconsin state court of being a party to a cocaine delivery. He was sentenced on March 29, 1997. Farmer never appealed, so his conviction became final on June 18, 1997, when his time to seek direct review expired. *See* Wis. Stat. § 809.30(2)(b) (1996). Farmer filed his § 2254 petition more than a year later on September 20, 1999. Thus, Magistrate Judge Goodstein correctly concluded that the petition is time-barred and dismissed it. *See* 28 U.S.C. § 2244(d)(1).[2] As a result, Farmer fails to make "a substantial showing of the denial of a constitutional right," *see* 28 U.S.C. § 2253(c)(2), and we must deny his request for a certificate of appealability.

Appellant White fairs better. In 1993 a Wisconsin jury convicted him of four counts of intentional homicide and one count of attempted intentional homicide. The state trial court sentenced him to four life terms of imprisonment and one term of 25 years' imprisonment, all to run consecutively. The state appellate court affirmed on September 16, 1997. White sought review in the state supreme court, but his counsel failed to file a timely petition

---

[2] We note that Farmer also has another conviction, entered on June 25, 1999, but he does not attack that conviction in his § 2254 petition.

for review, and the court rejected the petition as untimely. White then petitioned the state supreme court to permit him to file a late petition. White's proposed petition for review challenged his conviction on grounds that (1) the State knowingly presented perjured testimony, (2) the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), in failing to disclose to White that his co-defendant was testifying for the prosecution pursuant to a plea bargain, (3) police coerced White's confession with physical abuse, (4) White's trial counsel was ineffective because he failed to adequately investigate White's case, call favorable witnesses, present an alibi defense, or impeach the State's witnesses, and (5) pretrial publicity deprived White of a fair and impartial jury. In July 1998 the state supreme court denied White's request to file his petition. The court's order stated that "[a]fter consideration of . . . the untimely petition for review itself, this court concludes that although appellate counsel's failure to timely file the petition for review constituted deficient performance, White suffered no prejudice because this court would not have granted the petition for review in any event."

In September 1998 White filed his § 2254 petition reasserting the claims he had presented to the state supreme court in his petition for review. The district court dismissed the petition without reaching the merits, concluding that the state supreme court's rejection of White's petition as untimely constitutes an independent and adequate state procedural ground that bars federal review of his claims.

A federal court will not review a question of federal law decided by a state court if the state-court decision rests on a state procedural ground that is independent of the federal question and adequate to support the judgment. *Stewart v. Smith*, 122 S. Ct. 2578, 2580-81 (2002); *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). But this doctrine does not apply unless the state court actually relied on

the procedural default as an independent basis for its decision. *Harris v. Reed*, 489 U.S. 255, 261-62 (1989); *Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000), *cert. denied*, 531 U.S. 1182 (2001). Thus, if the state-court decision appears to rest primarily on a merits determination of the petitioner's claims, or to be interwoven with those claims, and does not clearly and expressly rely on the procedural default, there is no independent and adequate state ground. *Harris*, 489 U.S. at 263-65; *Coleman*, 501 U.S. at 735.

Here, it is apparent that the state court's rejection of White's petition is interwoven with its merits determination of his claims. The court stated that it had considered the petition and determined that White was not prejudiced by his counsel's failure to timely file it "because this court would not have granted the petition for review in any event." As a result, the state supreme court's rejection of White's petition as untimely is not an independent and adequate state ground precluding federal review of his claims. However, we will not reach the merits of those claims today; the district court should be the first to make that assessment. *See Moore v. Bryant*, 295 F.3d 771, 777 (7th Cir. 2002).

For the foregoing reasons, we DENY Farmer's request for a certificate of appealability, but we GRANT White's request and summarily VACATE the district court's dismissal and REMAND White's case for further proceedings consistent with this opinion. We DENY White's "Motion For Substitution Of Appointed Counsel," filed on August 23, 2002, as moot.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*