John Edward FISHER, Petitioner–
Appellant,

v.

Terry L. STEWART, Warden; Janet
Napolitano, Respondents–
Appellees.

No. 01–16883.

D.C. No. CV–01–00154–WDB.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 4, 2002.

Before GOODWIN, TROTT, and
GRABER, Circuit Judges.

MEMORANDUM **

John Edward Fisher, an Arizona state prisoner, appeals pro se the denial of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001), and we affirm.

First, Fisher contends that he received ineffective assistance of trial counsel because counsel failed to object to portions of the government's closing argument. We disagree. Because the prosecutor's remarks were not egregious misstatements, Fisher cannot show how counsel was ineffective for failing to object. *See United States v. Necoechea,* 986 F.2d 1273, 1281 (9th Cir.1993) (stating that the failure to

object during closing argument is generally within the range of permissible professional legal conduct).

Second, Fisher contends that he received ineffective assistance of appellate counsel because counsel failed to raise several issues. We are unpersuaded. Fisher fails to demonstrate that counsel was deficient for failing to raise these issues, *see Miller v. Keeney,* 882 F.2d 1428, 1433–34 (9th Cir.1989) (recognizing that appellate counsel has no constitutional obligation to raise all nonfrivolous issues), or that there was a reasonable probability he would have prevailed on appeal had counsel raised those issues. *See id.* at 1434.

Accordingly, the district court properly denied Fisher's § 2254 petition regarding ineffective assistance of both trial and appellate counsel because the state court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law. *See Van Tran v. Lindsey,* 212 F.3d 1143, 1149 (9th Cir.2000).

Finally, Fisher contends that the district court erred in ruling that he procedurally defaulted the remaining issues presented in his petition. We disagree. These issues are precluded under Arizona Rule of Criminal Procedure because the Arizona court of appeals adjudicated one claim on state law grounds, and Fisher never raised the others in any of his state proceedings. *See* Ariz. R.Crim. P. 32.2(a). Because Arizona Rule of Criminal Procedure 32.2(a) is an independent and adequate procedural bar, *see Stewart v. Smith,* —— U.S. ——, ——, 122 S.Ct. 2578, 2581, 153 L.Ed.2d 762 (2002) (per curiam), and Fisher has failed to make the required showing of actual cause and prejudice or actual innocence to

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

excuse his procedural default, *see Kibler v. Walters,* 220 F.3d 1151, 1153 (9th Cir. 2000), the district court did not err.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.