**James Lee SKINNER, Petitioner—Appellant,**

v.

**WHITLEY, Deputy Warden; et al., Respondents—Appellees.**

No. 03–15124.

D.C. No. CV–99–00220–CKJ.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 22, 2003.

Jeffrey D. Bartolino, Tucson, AZ, for Petitioner–Appellant.

Diane Leigh Hunt, Office of the Attorney General, Tucson, AZ, for Respondents–Appellees.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM**

James Lee Skinner, an Arizona state prisoner, appeals the judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's decision to dismiss the habeas petition for procedural default, *see Fields v. Calderon,* 125 F.3d 757, 759–60 (9th Cir.1997), and we affirm.

Skinner contends that the district court erred in ruling that he was procedurally defaulted. This contention fails because the district court properly concluded that he procedurally defaulted his claims under Arizona Rule of Criminal Procedure 32. *See* Ariz. R.Crim. P. 32(a)(3); 32.4(a); *Stewart v. Smith,* 536 U.S. 856, 859–861, 122 S.Ct. 2578, 153 L.Ed.2d 762 (2002) (per curiam) (holding that Arizona's procedural rules are consistently and regularly followed, and are adequate to bar federal review).

Also, Skinner is not excused by cause and prejudice because he has not shown that an objective factor impeded his efforts to comply with the state procedural rule. *See Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Nor would failure to reach the merits of the claim result in a fundamental miscarriage of justice. *See id.* at 495–96 (holding that petitioner must show a "constitutional violation has probably resulted in conviction of one who is actually innocent" to demonstrate fundamental miscarriage of justice).

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.