**Kenneth Chance DEAN, Petitioner—Appellant,**

v.

**Terry L. STEWART, Director; et al., Respondents—Appellees.**

No. 04–15463.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 9, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Kenneth Chance Dean, Newton, TX, pro se.

Kent E. Cattani, Esq., Kerri L. Chamberlin, Office of the Arizona Attorney General, Phoenix, AZ, for Respondents–Appellees.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM **

Arizona state prisoner Kenneth Chance Dean appeals pro se the district's denial of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

■ Dean contends that the district court erred in finding that his Sixth Amendment claims based on substitution of counsel and right to self-representation were procedurally defaulted.[1] We disagree. A federal court may rely upon the state court's procedural bar if it is independent and adequate. *See Coleman v. Thompson,* 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Here, the state court found these claims barred by Ariz. R.Crim. P. 32.2(a)(3) because Dean did not raise them in his direct appeal. *See Stewart v. Smith,* 536 U.S. 856, 860–61, 122 S.Ct. 2578, 153 L.Ed.2d 762 (2002) (per curiam); Ariz. R.Crim. P. 32.2(a)(3). Because the claims are procedurally defaulted, this court cannot review them unless Dean demonstrates either cause and prejudice or a fundamental miscarriage of justice, which he has not done. *See Teague v. Lane,* 489 U.S. 288, 298, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

■ Dean also contends that his due process rights were violated when the state court failed to grant him an evidentiary hearing on the aforementioned claims. In order to qualify for an evidentiary hearing, appellant must both (1) "allege facts, which, if proven, would entitle him to relief, and (2) show that he did not receive a full and fair hearing in a state court, either at the time of trial or in a collateral proceeding." *See Belmontes v. Woodford,* 350 F.3d 861, 890–91 (9th Cir. 2003). Here, Dean has failed to allege any facts, which if proven, would entitle him to relief. Thus, an evidentiary hearing was not merited. *See id.*

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We address only the claims for which a certificate of appealability was granted. *See* 9th Cir. R. 22–1; *Hiivala v. Wood,* 195 F.3d 1098, 1102–03 (9th Cir.1999).