Willie Lee **PARKER**, Petitioner—
Appellant,

v.

William S. **GASPAR**; Arizona Attorney
General, Respondents—Appellees.

No. 05–17232.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Filed July 26, 2006.

Willie Lee Parker, Tucson, AZ, pro se.

R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**608**

Kerri L. Chamberlin, AGAZ—Office of the Arizona Attorney General, Phoenix, AZ, for Respondents—Appellees.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Arizona state prisoner Willie Lee Parker appeals *pro se* from the district court's judgment dismissing his habeas petition under 28 U.S.C. § 2254 for procedural default and on the merits. Parker was convicted of misconduct involving weapons and received a ten-year sentence. We review *de novo* a district court's conclusions regarding procedural default. *Griffin v. Johnson,* 350 F.3d 956, 960 (9th Cir.2003). We also review *de novo* a district court's denial of habeas relief. *Beardslee v. Woodford,* 358 F.3d 560, 568 (9th Cir.2004). We affirm.

■ Parker first contends that his trial counsel was ineffective for failing to investigate his mental health background. The state-court record reflects that the first and only time Parker presented this claim to the Arizona courts was in a petition for review to the Arizona Supreme Court. Thus, he did not properly exhaust it. *See Casey v. Moore,* 386 F.3d 896, 916–18 (9th Cir.2004) (holding that a state prisoner had not exhausted his claims by presenting them for the first and only time in a petition for discretionary review with the state's highest court); *accord Castille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989).

Parker also contends that trial counsel was ineffective for failing to object to the presentence report. The state-court record reflects, however, that Parker never presented both the factual and legal bases of this claim to the Arizona courts. Accordingly, this claim is also unexhausted. *See Kelly v. Small,* 315 F.3d 1063, 1068 & n. 2 (9th Cir.2003) (requiring exhaustion in state court of the factual bases of each distinct ineffective-assistance claim).

The Arizona courts would find these claims procedurally barred if Parker were to try and exhaust them now. *See Ariz. R.Crim. P.* 32.2(a)(3). The district court therefore correctly concluded that both of them were procedurally defaulted. *See Stewart v. Smith,* 536 U.S. 856, 861, 122 S.Ct. 2578, 153 L.Ed.2d 762 (2002) (per curiam); *Beaty v. Stewart,* 303 F.3d 975, 987 & n. 5 (9th Cir.2002). Moreover, Parker has not shown cause to excuse the procedural default of either of these claims. *See Tacho v. Martinez,* 862 F.2d 1376, 1381 (9th Cir.1988) (*pro se* status is not cause).

■ Finally, Parker contends that trial counsel was ineffective for failing to request a mitigation hearing. The district court properly rejected this claim on the merits. The Arizona courts specifically found that defense counsel made an "impassioned plea" on Parker's behalf at sentencing, and as a result the sentencing judge imposed a presumptive sentence rather than an aggravated one. Parker has not shown how introducing any other information at a formal mitigation hearing might have persuaded the judge to impose a lesser sentence. Accordingly, we reject his claim of ineffective assistance. *See Strickland v. Washington,* 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Young v. Runnels,* 435 F.3d 1038, 1043–44

---

(9th Cir.2006) (rejecting a claim of ineffective assistance because the petitioner could not show prejudice, without regard to any alleged deficient performance).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.