Perry SUEING, Petitioner—Appellant,

v.

GOLDSMITH, Warden; et al., Respondents—Appellees.

No. 04–16203.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 22, 2007.*

Filed Nov. 20, 2007.

Perry Sueing, Florence, AZ, pro se.

Katia Mehu, AGAZ–Office of the Arizona Attorney General, Phoenix, AZ, for Respondents–Appellees.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, WARDLAW, and IKUTA, Circuit Judges.

MEMORANDUM **

Perry Sueing appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

Sueing contends that the district court erred when it determined that the ineffective assistance of counsel claim contained in his § 2254 petition was procedurally defaulted. Our review of the district court's decision is de novo, and we may affirm on any ground supported by the record, even if it differs from the rationale of the district court. *See Nguyen v. Garcia,* 477 F.3d 716, 722 n. 9 (9th Cir.2007). We conclude that the ineffective assistance of counsel claim raised in Sueing's § 2254 petition is procedurally defaulted because he failed to raise this particular claim in state court and may not raise it in state court now because of an independent and adequate state rule. *See Coleman v. Thompson,* 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (holding that claim is procedurally defaulted if the petitioner failed to exhaust state remedies and state rule would not permit the state court to address issue now); *see also* Ariz. R.Crim. P. 32.2(a)(3); *Stewart v. Smith,* 536 U.S. 856, 122 S.Ct. 2578, 153 L.Ed.2d 762 (2002) (holding that Rule 32.2(a)(3) is independent of federal law); *Stewart v. Smith,* 202 Ariz. 446, 46 P.3d 1067, 1071 (2002) (en banc) (recognizing that Rule 32.2(a)(3) precludes a petitioner from raising ineffective assistance of counsel on one ground after having previously raised inef-

---

\** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

fective assistance of counsel on another ground).

Because the claim is procedurally defaulted, we cannot review it unless Sueing demonstrates either cause and prejudice or a fundamental miscarriage of justice, which he has not done. *See Coleman,* 501 U.S. at 750, 111 S.Ct. 2546.

To the extent Sueing raises additional contentions in his opening brief, we construe those contentions as a motion to expand the certificate of appealability and we deny the motion. *See* 9th Cir. R. 22–1(e); *Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.