**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FRED LAWRENCE ROBINSON,

                Petitioner - Appellant,

    v.

DORA B. SCHRIRO, Director,

                Respondent - Appellee.

No. 05-99007

D.C. No. CV-96-00669-JAT

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued December 6, 2007
Submitted February 22, 2010
San Francisco, California

Before: B. FLETCHER, BERZON and RAWLINSON, Circuit Judges.

    Petitioner Fred Lawrence Robinson appeals the district court's denial of his

petition for habeas corpus. We grant his petition in an opinion filed

contemporaneously with this memorandum. In this memorandum we address

Robinson's remaining claims.

------

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

### A.      Claim 1

Robinson contends that he was denied the effective assistance of counsel at trial because counsel labored under an actual conflict of interest that Robinson never personally waived and that adversely affected counsel's performance.  The district court held that this claim was procedurally barred because Robinson had not exhausted it in state court.  Robinson concedes that he did not raise this claim in any state court appellate or post-conviction proceeding, but he argues Rule 32.2(a)(3) of the Arizona Rules of Criminal Procedure, which requires a knowing, voluntary, and intelligent waiver for claims "of sufficient constitutional magnitude," applies to his failure to exhaust.

A claim is procedurally barred if it was fairly presented in the state court and dismissed on procedural grounds or if it was not fairly presented and the petitioner would now be barred under state procedural rules from raising it in state court.  In order for a claim to be fairly presented, it must be apparent to the state court that the petitioner is raising a federal claim.  *Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000) *amended by* 247 F.3d 904 (2001).

The Supreme Court has held that Arizona state court determinations that a claim is waived under Rule 32.2(a)(3) are independent of federal law because they

2

do not depend on a federal constitutional ruling on the merits. *See Stewart v. Smith*, 536 U.S. 856, 860 (2002). Here, in ruling on Robinson's Second Petition for Post-Conviction Relief, the Yuma County Superior Court declined to address the merits of Robinson's conflict of interest claim, holding that Robinson had waived the claim by failing to raise it on direct appeal or in a previous collateral proceeding. **[SSER 49.]** In so holding, the court relied on Rule 32.2(a)(3). Robinson's claim is therefore procedurally barred.

Robinson additionally argues that Arizona fundamental error review exhausted the claim and prevents procedural bar. A claim is not exhausted for federal exhaustion purposes by Arizona's fundamental error review unless it was actually presented to or actually considered by the Arizona appellate court. *See Moorman v. Schriro*, 426 F.3d 1044, 1057 (9th Cir. 2005). As Robinson did not raise this claim to, and it was not addressed by, the Arizona Supreme Court on direct appeal, it is not exhausted by Arizona fundamental error review.

Robinson's assertion of ineffective assistance of counsel in his first post-conviction petition may not excuse his failure to raise the claim, because there is no constitutional right to counsel in state post-conviction proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752-54 (1991).

3

**B.    Claim 2**

Robinson claims that his due process rights were violated when the trial court refused to instruct the jury on the lesser included offense of second degree murder. The district court held that Claim 2 was procedurally barred because Robinson had not exhausted it in state court. Robinson concedes that he failed to include his claim in his opening brief on direct appeal. However, he argues the claim was exhausted by Arizona's fundamental error review. The Arizona Supreme Court did not address Claim 2 on direct appeal. We hold, therefore, that Claim 2 was not exhausted by Arizona fundamental error review. *See Moorman*, 426 F.3d at 1057 . Nor did the Yuma County Superior Court determine that Claim 2 implicated a right requiring personal waiver under Arizona Criminal Procedure Rule 32.2(a)(3). *See Stewart*, 536 U.S. at 860. **[SSER 49.]** The claim is, therefore, procedurally barred.

Robinson argues his failure to raise Claim 2  should be excused because raising it on direct appeal was futile in light of *State v. LaGrand*, 734 P.2d 563, 572 (Ariz. 1987). However, even were we to accept futility as an excuse, to the extent Claim 2 is analogous to the claim rejected in *LeGrand*, it is meritless. *See Hopkins v. Reeves*, 524 U.S. 88, 96-98 (1998).

4

**C. Claim 3**

Robinson contends that Arizona's procurement through payment or promise of anything of pecuniary value aggravating circumstance violates due process and is unconstitutionally vague because it provided no notice that "procurement of a burglary during which a murder occurred would subject a person to the death penalty." **[Blue Br. At 58.]** The district court held that Claim 3 was procedurally barred. Robinson concedes that he never raised this claim in state court, but argues that the claim was nonetheless exhausted by the independent review the Arizona Supreme Court conducts in all death penalty cases to determine whether the aggravating and mitigating circumstances were properly found and weighed. *See State v. Fierro*, 804 P.2d 72, 81 (Ariz. 1990). We do not find that the Arizona Supreme Court's independent review exhausted Robinson's claim. *See Moorman*, 426 F.3d at 1057-58. We also do not find the claim was exhausted by fundamental error review as it was not addressed by the Arizona Supreme Court. *Id.* at 1057. Nor did the Yuma Superior Court determine that Claim 3 implicated a right requiring personal waiver under Arizona Criminal Procedure Rule 32.2(a)(3). *See Stewart*, 536 U.S. at 860. **[SSER 49.]** The claim is, therefore, barred.

**D. Claim 4**

Robinson contends that the prosecution violated due process when it argued pre-trial that the motive for the murder was to find Robinson's estranged common-law wife, then argued at sentencing that the motive for the murder was pecuniary gain. The district court held that Claim 4 was procedurally barred because Robinson did not allege on direct appeal to the Arizona Supreme Court that the state engaged in prosecutorial misconduct or violated his due process rights by its assertion of inconsistent theories and because these claims were substantively different from the challenges to the applicability of the pecuniary gain aggravating circumstances that were presented to the Arizona Supreme Court. We agree that Robinson did not fairly present his claim to the Arizona Supreme Court that his federal constitutional rights were violated by the inconsistent theories or prosecutorial misconduct. *See Picard*, 404 U.S. at 275-77; *Crawford*, 232 F.3d at 668. Nor was the claim exhausted by Arizona's fundamental error review as it was not actually presented to or considered by the Arizona appellate court. *See Moorman*, 426 F.3d at 1057. We also conclude that the Yuma County Superior Court did not determine that Claim 4 implicated a right requiring personal waiver under Arizona Criminal Procedure Rule 32.2(a)(3). *See Stewart*, 536 U.S. at 860. **[SSER 50.]** Claim 4 is, therefore, procedurally barred.

6

Robinson has not demonstrated cause and prejudice arising from ineffective assistance because his claim of ineffective assistance on appeal is similarly barred. *See Edwards v. Carpenter*, 529 U.S. 446, 452-54 (2000).

**E.    Claim 5**

Robinson contends that the Arizona Supreme Court failed to reweigh properly or to conduct a harmless error review of the remaining aggravating factors after it invalidated the sentencing court's application of the pecuniary gain aggravating factor. The district court held that Claim 5 was unexhausted as Robinson had failed to raise it in his state-court post-conviction proceedings. Because we remand Robinson's case for a new sentencing hearing in our companion opinion, we do not reach Claim 5.

**AFFIRMED.**



***Robinson v. Schriro*, Case No. 05-99007**
**Rawlinson, Circuit Judge, concurring:**

I concur in the denial of Claims 1 through 4 and would also deny Claim 5.