
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| CARLOS VEGA CASTILLO,<br><br>        Petitioner - Appellant,<br><br>  v.<br><br>CHARLES L. RYAN and ATTORNEY GENERAL OF THE STATE OF ARIZONA,<br><br>        Respondents - Appellees. | No. 13-16575<br><br>D.C. No. 4:11-cv-00571-JGZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted May 11, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge, and BENAVIDES[***] and OWENS, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

Arizona state prisoner Carlos Castillo appeals the denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253. We review de novo the district court's decision to deny his habeas petition, *see Clabourne v. Ryan*, 745 F.3d 362, 370 (9th Cir. 2014), and we affirm.[1]

The district court concluded that all three of Castillo's claims were procedurally defaulted. Castillo argues that this ruling was erroneous for four reasons: (1) he fairly presented his postconviction ineffective assistance claim to the state courts; (2) the Arizona Court of Appeals did not expressly rely on Arizona Rule of Criminal Procedure 32.2(a)(3) to deny any of his claims; (3) Rule 32.2(a)(3) is too unclear to serve as an independent and adequate state ground; and (4) there is cause and prejudice to excuse any default. Though we agree with Castillo that the certificate of appealability encompasses these arguments, *see Koerner v. Grigas*, 328 F.3d 1039, 1048-49 & n.3 (9th Cir. 2003), we reject all four contentions.

1.      Putting aside whether Castillo properly presented a postconviction ineffective assistance claim to the state courts or the district court, he does not have such a claim because he chose to represent himself. *See Cook v. Ryan*, 688 F.3d 598, 609-10 (9th Cir. 2012) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46

---

[1]  Appellant's motion to modify the district court record is denied as moot.

(1975)).  Even if his appointed counsel performed deficiently prior to being relieved of his duties, Castillo "could have corrected those errors once he decided to represent himself.  *Faretta* therefore precludes [Castillo] from complaining about the 'quality of his own defense.'"  *Id.* at 609.

2.      A fair reading of the Arizona Court of Appeals's decision readily indicates that it expressly relied upon Rule 32.2(a)(3) to deny Castillo's claims. The Court of Appeals also addressed the applicability of the "sufficient constitutional magnitude" exception by citing relevant case law and incorporating the superior court's decision, *see Lewis v. Lewis*, 321 F.3d 824, 829 (9th Cir. 2003).

3.      This court has consistently held that Rule 32.2(a)(3) is an adequate and independent state ground.  *See Murray v. Schriro*, 745 F.3d 984, 1016 (9th Cir. 2014); *see also Ortiz v. Stewart*, 149 F.3d 923, 931-32 (9th Cir. 1998) (collecting cases).  "Similarly, the Supreme Court has recognized Arizona Rule of Criminal Procedure 32.2(a)(3) as an independent and adequate state ground that bars federal habeas review of constitutional claims."  *Murray*, 745 F.3d at 1016 (citing *Stewart v. Smith*, 536 U.S. 856, 861 (2002) (per curiam)).  Even if this precedent is not dispositive, the "sufficient constitutional magnitude" exception does not render Rule 32.2(a)(3) so unclear as to "not provide petitioners with sufficient notice of

3

how they may avoid violating the rule." *King v. LaMarque*, 464 F.3d 963, 966 (9th Cir. 2006). Castillo could have easily complied with Rule 32.2(a)(3) by presenting all of his claims in his first petition for post-conviction relief, so there is nothing "grossly unfair" about its application in this case, *see Calderon v. U.S. Dist. Court*, 96 F.3d 1126, 1129 (9th Cir. 1996). Castillo is also wrong to suggest that Rule 32.2(a)(3) is categorically inadequate because its exact contours have yet to be defined. *See Walker v. Martin*, 131 S. Ct. 1120, 1130-31 (2011).

4.      Assuming, without deciding, that Castillo has established cause to excuse his procedural default, he cannot show prejudice. Though his lifetime probation term was invalid under *State v. Peek*, 195 P.3d 641 (Ariz. 2008) (en banc), this error was harmless because his probation was revoked only a year after he was released from prison. Even if he had received the proper five-year term of probation in 1998, the result would have been the same; he still would have been on probation when the petition to revoke was filed in October 2007.

**AFFIRMED.**

4