**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY LAMAR ALLEN, SR., | |
| Plaintiff-Appellant, | No. 14-35615 |
| v. | D.C. No 2: 13-cv-00206-TOR |
| BOB FERGUSON, Attorney General of the State of Washington, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Tomas O. Rice, District Judge, Presiding

Submitted May 4, 2016**
Seattle, Washington

Before: GRABER and MURGUIA, Circuit Judges, and BURY, Senior District Judge.***

This case is REVERSED and REMANDED to the United States District

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable David C. Bury, United States Senior District Judge for the District of Arizona, sitting by designation.

Court for the Eastern District of Washington, to consider, in the first instance, the merits of sub-claims 2, 8 and 10.

In sub-claim 2 of the habeas petition, Allen alleged that his trial counsel was ineffective for failing to investigate his offender score during plea negotiations. This claim was not procedurally defaulted because the state court's application of Washington's particularized pleading requirement did not constitute an independent and adequate state procedural reason to deny relief. The state court's consideration of the sufficiency of Allen's Personal Restraint Petition was interwoven with the merits of his federal constitutional claim. *See Stewart v. Smith*, 536 U.S. 856, 860 (2002) (per curiam) (cautioning that even if the procedural rule does not require a ruling on the constitutional merits, if the state nevertheless rested its decision on the merits, its ruling would be interwoven with federal law).

This court grants a Certificate of Appealability for sub-claim 8 that trial counsel was ineffective for failing to object to the prosecutor's improper closing arguments misstating Dr. Bass' testimony and for sub-claim 10 that trial counsel improperly elicited Allen's prior convictions on direct examination. Jurists of reason would debate the merits of sub-claims 2 and 10, and the district court erred in finding these claims procedurally barred because they were considered on the merits by the Washington Supreme Court. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

REVERSED and REMANDED.

2