SCHRIRO, DIRECTOR, ARIZONA DEPARTMENT OF
CORRECTIONS *v.* SMITH

No. 04–1475.   Decided October 17, 2005

PER CURIAM.

In 1982, an Arizona jury convicted respondent Robert
Douglas Smith of first-degree murder, kidnaping, and sex-
ual assault.   He was sentenced to death.   The convictions
and sentence were affirmed on direct appeal, and Smith's
state petitions for postconviction relief proved unsuccessful.
Smith then filed a petition for a writ of habeas corpus in the
United States District Court for the District of Arizona.   In
none of these proceedings did Smith argue that he was men-
tally retarded or that his mental retardation made him ineli-
gible for the death penalty.   Smith had, however, presented

evidence in mitigation during the sentencing phase of his trial showing that he had low intelligence.

The District Court denied Smith's petition for habeas corpus in 1996. Following several rounds of appeals, remands, and petitions for certiorari to this Court (including one successful petition by the State, see *Stewart* v. *Smith*, 536 U. S. 856 (2002) *(per curiam)*), and after we had issued our decision in *Atkins* v. *Virginia*, 536 U. S. 304 (2002), the case returned to the Ninth Circuit. Shortly thereafter, Smith asserted in briefing that he is mentally retarded and cannot, under *Atkins*, be executed. The Ninth Circuit ordered suspension of all federal habeas proceedings and directed Smith to "institute proceedings in the proper trial court of Arizona to determine whether the state is prohibited from executing [Smith] in accordance with *Atkins*." App. to Pet. for Cert. A–2. The court further ordered that the issue whether Smith is mentally retarded must "be determined . . . by a jury trial unless the right to a jury is waived by the parties." *Ibid.*

The State's petition for certiorari is granted,* the judgment of the Court of Appeals is vacated, and the case is remanded. The Ninth Circuit erred in commanding the Arizona courts to conduct a jury trial to resolve Smith's mental retardation claim. *Atkins* stated in clear terms that " 'we leave to the State[s] the task of developing appropriate ways to enforce the constitutional restriction upon [their] execution of sentences.' " 536 U. S., at 317 (quoting *Ford* v. *Wainwright*, 477 U. S. 399, 416–417 (1986); modifications in original). States, including Arizona, have responded to that challenge by adopting their own measures for adjudicating claims of mental retardation. While those measures might, in their application, be subject to constitutional challenge, Arizona had not even had a chance to apply its chosen proce-

---

*Smith's motion to proceed *in forma pauperis* is also granted.

dures when the Ninth Circuit pre-emptively imposed its jury trial condition.

Because the Court of Appeals exceeded its limited authority on habeas review, the judgment below is vacated, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*