IKUTA, Circuit Judge,
dissenting:
Once again, this court disregards both the language of the Anti-Terrorism and Effective Death Penalty Act (“AEDPA”) and the Supreme Court’s repeated direction not to grant habeas petitions unless the state court’s adjudication of the petitioner’s claim “resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,” 28 U.S.C. § 2254(d)(1).
In this case, the trial court instructed prospective jurors to put their biases and prejudices into a metaphorical “box” outside the courtroom, and to use only their common sense while acting as jurors. Taylor’s counsel did not object to this instruction. On appeal, Taylor claimed that the instruction violated his Sixth Amendment right to a jury because the instruction denied him the “common-sense judgment of a jury” of his peers by requiring *630 the jurors to ignore their life experiences. The California Court of Appeal held that “the instruction, although a bit odd, did not create a jury of ‘automatic robots with sterilized minds,’ ” and did not vitiate the trial court’s reasonable doubt instruction to the jurors, which they are presumed to follow.
It is readily apparent that this decision does not conflict with any “clearly established” Supreme Court precedent. As the Supreme Court has repeatedly explained, its precedent is “clearly established” only if it squarely addresses an issue in the state case or clearly extends to a similar factual context. See, e.g., Wright v. Van Patten, 552 U.S. 120, 125, 128 S.Ct. 743, 169 L.Ed.2d 583 (2008) (per curiam) (Supreme Court precedent must “squarely address[]” the question at issue); Carey v. Musladin, 549 U.S. 70, 77, 127 S.Ct. 649, 166 L.Ed.2d 482 (2006) (Supreme Court precedent must “require” the state court to reach a conclusion); see also Panetti v. Quarterman, 551 U.S. 930, 953, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007) (Supreme Court precedent must enunciate a principle that applies in an analogous case).
Although the majority has scoured over a century of Supreme Court decisions, none of the cases it cites “squarely address” the question whether the voir dire instruction at issue here violates the Sixth Amendment, see Van Patten, 552 U.S. at 125, 128 S.Ct. 743, or announces a principle clearly applicable to this ease, see Panetti 551 U.S. at 953, 127 S.Ct. 2842. All but one of the opinions cited by the majority address a different question: whether excluding an identifiable group from the jury pool violates statutory or constitutional principles.[1] The only case not considering this jury pool issue held that a trial court erred in instructing jurors in a civil case to rely on the testimony of expert witnesses, rather than on their own judgment. Head v. Hargrave, 105 U.S. 45, 50, 26 L.Ed. 1028 (1881).
Not one of these cases formulates a rule regarding how individuals in the venire pool should use their life experiences if seated on a jury. Nor, as the majority itself acknowledges, does any case enunciate the so-called “first principle” that courts may not eliminate “the experience of diverse human beings” from a jury. Maj. Op. at 629. While these cases do contain scattered dicta, broad aphorisms, and general observations regarding the “kinds of harm that flow from discrimination in jury selection,” Peters, 407 U.S. at 498, 92 S.Ct. 2163, such remarks do not amount to “clearly established Federal law” on the Sixth Amendment issue presented here. Under AEDPA’s “highly deferential standard for evaluating state-court rulings,” Renico v. Lett, — U.S. -, 130 S.Ct. *631 1855, 1855, — L.Ed.2d-(2010) (internal quotation marks omitted), we cannot reverse a state court’s ruling for being an unreasonable application of inferences drawn from such isolated phrases. See Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (The phrase “clearly established Federal law” “refers to the holdings, as opposed to the dicta, of this Court’s decisions....”).
Even if the majority’s handful of cases could stand for a general principle requiring juries to apply “common sense informed by the full range of human experience,” Maj. Op. at 628, we could still not say that the California Court of Appeal’s decision here was objectively unreasonable. The “more general the rule at issue — and thus the greater the potential for reasoned disagreement among fair-minded judges — the more leeway [state] courts have in reaching outcomes in case-by-case determinations.” Lett, at 1865 (alterations in original) (internal quotation marks omitted) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004)); see Knowles v. Mirzayance, — U.S. -, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009). Here, the state appellate court reasonably concluded that the voir dire instruction, read in context, “did not command the juror to ignore life experience.” Even if this conclusion is wrong, “a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.” Lett, at 1862 (internal quotation marks omitted). AEDPA “demands that state-court decisions be given the benefit of the doubt.” Id. (internal quotation marks omitted).
In sum, the majority has strayed far from the Supreme Court’s AEDPA jurisprudence in granting the writ in this case. Under the explicit terms of § 2254(d)(1) and the oft-repeated direction of the Supreme Court, habeas relief is unauthorized. As a result, I fear this decision is set to join the long line of Supreme Court reversals of decisions by our court that decline to take AEDPA seriously. See McDaniel v. Brown, — U.S. -, 130 S.Ct. 665, 666, ■— L.Ed.2d - (2010) (per curiam); Wong v. Belmontes, - — U.S. -, 130 S.Ct. 383, 384, — L.Ed.2d - (2009) (per curiam); Hedgpeth v. Pulido, — U.S. -, 129 S.Ct. 530, 530-31, 172 L.Ed.2d 388 (2008) (per curiam); Kane v. Garcia Espitia, 546 U.S. 9, 9-10, 126 S.Ct. 407, 163 L.Ed.2d 10 (2005) (per curiam); Schriro v. Smith, 546 U.S. 6, 7, 126 S.Ct. 7, 163 L.Ed.2d 6 (2005) (per curiam); Middleton v. McNeil, 541 U.S. 433, 436, 124 S.Ct. 1830, 158 L.Ed.2d 701 (2004) (per curiam); Yarborough v. Gentry, 540 U.S. 1, 5, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (per curiam); Woodford v. Visciotti, 537 U.S. 19, 20, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam); Early v. Packer, 537 U.S. 3, 4, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam); Stewart v. Smith, 536 U.S. 856, 857, 122 S.Ct. 2578, 153 L.Ed.2d 762 (2002) (per curiam). I respectfully dissent.

. J.E.B. v. Ala. ex rel. T.B., 511 U.S. 127, 130-31, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994) and Ballard v. United States, 329 U.S. 187, 193, 67 S.Ct. 261, 91 L.Ed. 181 (1946) held that the systematic exclusion of individuals on the basis of gender from grand and petit juries violated the equal protection clause and relevant federal statutes, respectively. Smith v. Texas, 311 U.S. 128, 131-32, 61 S.Ct. 164, 85 L.Ed. 84 (1940) held that a complete absence of African-Americans from grand jury lists violated the defendant's equal protection rights. Peters v. Kiff, 407 U.S. 493, 501, 92 S.Ct. 2163, 33 L.Ed.2d 83 (1972) held that the systematic exclusion of African-Americans from both the grand jury and the petit jury pools denied the defendant due process. Glasser v. United States, 315 U.S. 60, 86-87, 62 S.Ct. 457, 86 L.Ed. 680 (1942), superseded on other grounds by rule as stated in Bourjaily v. United States, 483 U.S. 171, 181, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987), held that selecting jurors from membership lists of private organizations would violate a defendant's constitutional rights. And Thiel v. S. Pac. Co., 328 U.S. 217, 224, 66 S.Ct. 984, 90 L.Ed. 1181 (1946) held that a federal court could not exclude daily wage earners from a jury panel.